State ex rel. Blaine v. Erickson, 170 Wis. 205.

STATE EX REL. BLAINE, Attorney General, vs. ERICKSON.

*November 7—November 17, 1919.*

*Taxation: Ministerial duty of town clerk to prepare tax roll: Reassessment rolls in place of original assessment rolls: Duty of town clerk after reassessment: Adjustment of inequalities involving private rights: Regularity and validity of assessment not to be questioned by town clerk: Mandamus to compel town clerk to use reassessment rolls: Original jurisdiction of supreme court.*

1. The supreme court has original jurisdiction in *mandamus* to compel a town clerk, in making his tax roll, to use reassessment rolls as required by sec. 1087—57, Stats. 1917, notwithstanding the objection that a purely local question is involved, where the remedy in the lower courts appears from the petition and answer to be entirely lacking or to be inadequate and ineffective.

2. When the assessment roll has been completed and passed on by the board of review, the assessor must, under sec. 1064, deliver it to the town clerk, who shall examine it and make certain specified necessary corrections (sec. 1065), after which he must prepare the tax roll, which shall contain a list of all the taxable real property (sec. 1078), and calculate

the amount required to be raised on such valuation. Such acts being purely ministerial, the town clerk is without judicial discretion' to determine that a reassessment is invalid; and defects therein cannot excuse or justify his refusal to comply with the law.

3. When reassessment rolls were filed with the town clerk they became by operation of law the rolls upon which the taxes apportioned to the town were to be calculated, and, under sec. 1087—57, if filed too late to take the place of the original rolls, they were to be taken into account in making the next succeeding tax roll.

4. The statutory direction to the town clerk to include corrections made on the basis of the reassessment in the levy and apportionment of the tax roll next following the completion of the reassessment is a continuing mandate to that officer, imposing upon him the duty of including corrections necessary to give effect to the reassessment until it has been actually carried out in the manner provided by law.

5. It is not the duty of a town clerk to anticipate any inequalities resulting from the corrections to be made on the basis of reassessment rolls for previous years and attempt to adjust them, but to levy the tax as the law requires, since matters relating to private rights are subject to other remedies.

6. It is the duty of the town clerk, under sec. 1087—57, to take reassessment rolls and from them prepare the tax roll in the manner pointed out by statute, making the necessary credits and debits to give effect to the reassessments for the preceding year; and he is in no position to question the regularity, or pass upon the validity of the acts of those whose duty it was to prepare the reassessment rolls.

MANDAMUS to compel the town clerk of Oakland, Douglas county, to use reassessment rolls as required by sec. 1087—57, Stats., in making his tax roll.

The petition alleges that the defendant, *Carl Erickson,* is now and at the times stated herein was town clerk of the town of Oakland, formerly named South Range, in Douglas county; that the reassessment of certain property in said town for the year 1918 was made pursuant to statute and the order of the tax commission, and a reassessment roll of said town was made and completed and delivered to defendant as such town clerk on October 28, 1918, and on that date filed in his office; that the town clerk disregarded his

duty, ignoring such reassessment and reassessment roll, and made the tax roll for said year on the basis of the original assessment, and the taxes were collected in accordance therewith.

That a reassessment of the property in said town for the year 1917 was made pursuant to statute and the order of the tax commission; that such reassessment for the year 1917 was not completed in time to take the place of the original assessment in such districts for the year 1917, but was completed and delivered to the defendant as town clerk and filed in his office on the 28th day of October, 1918, in time to be used in the preparation of the tax roll for the year 1918; that said town clerk wholly ignored said reassessment and reassessment roll, and made out the tax roll for the year 1918 as though no reassessment had been made for the year 1917.

That a reassessment of the property of said town for the year 1916 was made pursuant to statute and the order of the tax commission, and a reassessment roll was made for the year 1916, but not completed in time to be used in making the tax roll for the year 1916, but was filed in the office of the town clerk on or about the 30th day of October, 1917, in time to be used by the town clerk in making and preparing the tax roll for the year 1917; that although it was the duty of the town clerk to use such reassessment roll in preparing the tax roll for the year 1917, he wholly neglected and refused to do so, and that the tax roll for 1917 was carried out as though no reassessment had been made for the year 1916.

That a reassessment of the property in said town for the year 1915 was made pursuant to statute and the order of the tax commission, and a reassessment roll thereof was made and completed and delivered to the town clerk on or about October 31, 1915, in time to take the place of the original assessment made in such district for the year 1915, and that such reassessment roll by operation of law took

the place of the original assessment; that the town clerk wholly ignored such reassessment and reassessment roll, and prepared and made the tax roll for the year 1915 and calculated and carried out the taxes thereon upon the basis of the original assessment.

That none of said reassessments have ever been used in the levying or collection of taxes or formed the basis of taxation or of the adjustment of inequalities of taxation; that the inequalities of taxation in said town during each of the years covered by said reassessments, respectively, are numerous and substantial, and are due to the unequal original assessments which formed the basis of the taxation imposed; that it is the duty of the town clerk to remedy and compensate in the tax roll of 1919 those inequalities in taxes that are shown and to that end to make use of said reassessments and compute and credit or debit, as the case may be, the several sums necessary to effect such remedy and compensation.

It is further alleged that the defendant persists in his disregard of said reassessments and in the violation of his duty relative thereto, and that such disregard and violation of duty will continue unless the defendant is coerced by this court; that the remedy afforded the plaintiff in the circuit court is inadequate; that it will be ineffective; that the town clerk is commanded by sec. 1081 of the Statutes to complete the tax roll for the year 1919 and deliver the same to the town treasurer on or before the 15th day of December; that said disregard of duty by the clerks of said town has long continued and has defeated the purpose and object of the levying of taxes in accordance with the reassessments; that efforts have been made to induce the town clerk to comply with the law, and make reassessments and carry out the tax levies in accordance with the laws of the state of Wisconsin, but all such efforts have failed; that the sovereignty of the state and the public interest is involved in this proceeding; that the refusal of the defendant and

others to recognize reassessments has had a very demoralizing effect upon the administration of the tax laws in that part of the state affected; and prays that a peremptory writ of *mandamus* be issued out of this court commanding that said *Carl Erickson,* as town clerk of the town of Oakland, recognize the validity of the several reassessments of the property of said town for the years 1915, 1916, 1917, and 1918; that in making up the tax roll for the year 1919, and apportioning the taxes for said year and spreading them upon the tax roll, he compensate the inequalities of the levies made under the original assessments for the years 1915, 1916, 1917, and 1918 in the manner prescribed by law.

The matters here set out briefly are set forth in the petition at length, with definiteness and particularity.

The defendant made return to the writ, and from the return and the supplemental return it appears:

1. The defendant objects to the exercise by this court of its original jurisdiction in this proceeding, on the ground that it is a local matter and that the remedy in the local court is adequate.

2. On the merits the defendant alleges that in August, 1915, the tax commission made an order directing a reassessment of the taxable property in the town of South Range; that such reassessment was made and that a pretended reassessment roll was filed in the office of the town clerk, but that said pretended reassessment roll was illegal and invalid; that, whether or not it was invalid, it is now too late under the law to attempt to make an adjustment for the year 1915; that the assessor of the town of South Range in 1915 made an assessment of the real and personal property in said town, which was duly sworn to, filed, and passed upon by the board of review of said town; that the reassessment was invalid for three reasons: (1) that a large amount of lands and improvements were assessed greatly above their actual market value, while a part of the lands

in said towns were assessed much below their market value, and that such assessment was discriminatory; (2) that no proper legal notice of the meeting of the board of review for the reassessment was given, and that the notices were not posted in public places; (3) that the notices were insufficient in that they did not refer to the reassessments, but were made in such a manner as not to call attention to the reassessments.

3. That defendant was not clerk of the town of South Range, or Oakland as it is now called, during the years 1915, 1916, or 1917; that defendant was first elected in the month of April, 1918, and was re-elected in April, 1919.

4. Defendant further alleges that on account of the invalidity of the reassessment roll the same was not used by the town clerk in making up the tax roll for the year 1915, and that as to some of the property described in such tax roll the taxes for the year 1915 had been paid and adjusted upon practically the same basis and for the same amounts as though the said reassessment had been made the basis for the taxes for that year upon said lands; that some adjustments were made as to some parcels of land in said town in a lump sum; that the reassessments in the aggregate cover as much as ten per cent. of the lands in said town; that a considerable amount of land in said township has changed owners since the year 1915.

5. The return further shows that the tax commission made an order directing a reassessment upon the property of said town for the year 1916; that said reassessment was not completed in time to be used in connection with the tax roll of 1916, but was completed and filed in the office of the town clerk on the 3d day of October, 1917; and alleges that the then town clerk, Leonard Pleski, did use the reassessment for 1916 in making up the tax roll for the year 1917, and delivered the tax roll with the usual warrant to the then treasurer of said town; that suits were begun to restrain the collection of the taxes which were increased by

virtue of said reassessment, and that upon a trial the re-
assessment and the reassessment roll were held invalid for
the reason that the persons charged with the duty of making
such reassessment wholly failed to verify the reassessment
roll or to make affidavits to said reassessment; that after
the determination of said suits the town treasurer would
not allow the credits or permit the debits entered on said
roll for the reason that said reassessments were illegal and
ineffective; that the taxes were collected on the basis of
the original assessment roll for the year 1917; and that
entries thereon relating to the reassessment for the year
1916 were stricken out; that certain other actions were
begun in the year 1918 to prevent the collection of the taxes
for the year 1917 without allowing the credits which would
have resulted had the reassessment of 1916 been used; and
that adjustments were made in said actions.

6. The defendant further alleges upon information and
belief that a considerable amount of land in said township
has changed ownership since 1916, and that gross inequali-
ties would result if he should be required to use said re-
assessment roll for the year 1916 in computing the taxes for
the year 1919; that he has never been requested by any one
to consider or make effective the reassessment roll for the
year 1916 until the service of the alternative writ in this
proceeding.

7. The defendant further alleges that no application was
made to the tax commission of Wisconsin for a reassess-
ment in said town for the year 1917 until January 23, 1918;
that the order for reassessment was entered on April 23,
1918; that an action was then begun to test the validity of
such order; that said action was finally determined in this
court on December 3, 1918, confirming the jurisdiction of
the tax commission to make the order in question; that
meanwhile the defendant withheld from the possession of
the tax commission and the persons appointed to make the
reassessments the tax roll for the year 1917; that such with-

holding was not for the purpose of preventing a reassessment, but for the purpose of performing his duties as town clerk as the defendant then believed them to be; that the town of South Range comprises territory less than 108 square miles in extent; that it is sixty-six square miles in extent; that this defendant did not, in making up the tax roll for the year 1918, use the reassessment roll for the tax of 1917, for the reason that it was invalid because the assessment was unjust and unfair and inequitable, and improved property was assessed at its just market value while other lands, particularly wild lands, were assessed at less than their actual market value; that the persons charged with the duty of making such reassessment did not verify the reassessment roll in accordance with law; that no legal notice was given of the meeting of the board of review to review such reassessment roll; that the meeting of the board of review was held October 28, 1918; that the notice thereof was posted on Sunday, October 20, 1918; that because of the illegality and invalidity of the reassessment roll the defendant did not use the same in preparing the tax roll for 1918; that on October 7, 1918, the tax commission made an order directing the reassessment of the property in said town for the year 1918, appointing assessors; that said assessors completed the assessment before the 28th day of October, 1918, but did not, so far as practicable, value each parcel of real estate in said town from an actual view thereof; that the reassessment was inequitable and unjust, in that a large part of the taxable property in said town was assessed at its full market value while other property was assessed at substantially less than its market value; that proper affidavits were not annexed to the reassessment roll; that proper notice of the meeting of the board of review was not given; that the meeting was held on October 28, 1918, and that notice of the holding thereof was posted on Sunday, October 20, 1918; that by reason of the illegality and invalidity of said reassessment the defendant omitted from the tax

roll of 1918 the reassessments, credits, and charges which would have resulted had said reassessment roll been given effect; that settlements made in the actions growing out of the taxation of 1916 in some instances included the settlements for the taxation for the year 1918; and that the use of the reassessment roll will result in giving of more than just credit to some taxpayers; and that the lands affected by said settlements include ten per cent. of the assessed valuation in said town.

The defendant then alleges generally that all of said reassessments for the years 1915, 1916, 1917, and 1918 are invalid and that no effect should be given to them; that the levy and apportionment of taxes for the year 1919 is not the levy and apportionment of taxes in said town next following the completion of said assessments or any of them.

The matters herein set out briefly are set out with definiteness and great particularity in the return. To the supplemental return are annexed copies of the affidavits referred to in the original return, which we consider as part thereof. Other facts are stated in the opinion. To the return the relator demurs.

For the plaintiff there was a brief by the *Attorney General* and *E. E. Brossard,* assistant attorney general, and oral argument by *Mr. Brossard.*

For the defendant there was a brief by *Luse, Powell & Luse* of Superior, and oral argument by *Claude Z. Luse.*

The following opinion was filed December 2, 1919:

ROSENBERRY, J. The defendant objects to this court taking jurisdiction of this action, for the reason that the questions involved are purely local and that the remedy in the lower courts is adequate. In the *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164, the court carefully reviews the provisions of the constitution, the statutory law, and the decisions of this court relating to the exercise

of its original jurisdiction by this court, and we shall not attempt a restatement of the matters there considered and stated. ' From the facts set out in the petition and in the return it is apparent that a remedy in the lower courts is either entirely lacking or is inadequate and ineffective. For four years the officers of the town of Oakland have succeeded in bringing to naught the efforts of the tax commission to administer and enforce the laws of this state, and it does not appear that they will ever succeed in their efforts if relief be denied here. That the matter is *publici juris* is apparent. If the taxing power of the state can be set at naught by the continued refusal of a ministerial officer to perform his duty, and no effectual remedy can be invoked, the situation is certainly extremely serious. Therefore we are of the opinion that under the principles laid down in the *Income Tax Cases* this court should take jurisdiction of this matter.

There is much said in the brief of counsel for defendant in regard to the jurisdiction of the town clerk, as if the town clerk were a judicial officer and required at his peril to determine the regularity of all prior proceedings in tax matters and to act thereon upon his judgment. In the preparation of the tax roll the town clerk acts purely as a ministerial officer. When the assessor has completed the assessment roll and it has been passed upon by the board of review, it is the duty of the assessor to deliver it to the town clerk on or before the first Monday of August. Sec. 1064, Stats. The clerk upon receiving the roll shall examine it and make certain specified corrections as they appear necessary. Sec. 1065. The particulars in which the roll may be corrected by the town clerk do not refer to any of the matters set out in the return in this case. When the corrections have been made the clerk prepares the tax roll, which shall contain a complete list of all the taxable real property, arranged as stated (sec. 1078), and upon the receipt of the certificate of apportionment from the county clerk the town clerk is re-

quired to calculate the amount required to be raised upon such valuation to realize in his town the whole of the state, county, school, together with such town and other local taxes as are to be levied, uniformly upon all the taxable property in the town. Speaking of the duties of a town treasurer, which are analogous to those of the town clerk, it was said in *Stahl v. O'Malley,* 39 Wis. 328, that

"It would be an intolerable evil if ministerial officers could sit judicially on valid process in their hands for execution, and assume authority to correct mistakes which they assume to discover in them. The good order of society requires that they should have no discretion or responsibility, but should obey their process with absolute submission, secure in doing so. And whenever they substitute judicial discretion for ministerial obedience, they mistake their authority and forego their protection." The town treasurer "had no duty or discretion outside of his process. And this is a lesson which ministerial officers cannot learn too often or too well."

It appears from the return that the defendant has attempted to pass not only upon the face of the reassessment rolls submitted to him, but has gone back of the roll to the proceedings relating to reassessment, to determine whether or not the persons charged by law with the duty of making the reassessments have properly performed their duties, whether the notices posted were in legal form, whether or not they were posted in what he conceived to be public places, and generally to determine the regularity and validity of the proceedings which resulted in the making of the reassessment rolls. The affidavits attached to the reassessment rolls, copies of which are attached to the supplemental return, appear to be substantially in accord with the statutory requirements. Certainly any defects appearing therein constitute no excuse or justification for the repeated refusals of the town clerk to comply with the plain provisions of the law. When the reassessment rolls for the several years were filed in the office of the town clerk such reassess-

ment rolls by operation of law became *the* roll upon which the taxes apportioned to the town were to be calculated and carried out. They supplanted the original rolls prepared by the assessor. If filed too late to take the place of the original roll, they were to be taken into account in the making of the next succeeding tax roll. Sec. 1087—57, Stats.

It is urged by the defendant that inasmuch as the reassessment rolls were not used in the levy and apportionment of taxation in the tax roll next following the completion of the reassessment, they have no longer any force or validity. We think the statutory direction to the town clerk to include corrections made on the basis of the reassessment in the levy and apportionment of the tax roll next following the completion of the reassessment is a continuing mandate to that officer, and imposes upon him the duty of including such corrections as are necessary to give effect to the reassessment until it has been actually carried out in the manner provided by law.

It is urged that the tax roll of 1919 should not include corrections to be made on the basis of the reassessment rolls, particularly for the year 1916, for the reason that certain adjustments have been made and that certain inequalities will result therefrom. These are matters which relate to private rights, and we shall not attempt in this proceeding to determine such questions. If private rights are involved, questions relating thereto will arise when the owners of property are called upon to pay their taxes. It is not the duty of the clerk to anticipate them and attempt to adjust them. It is his duty to levy the tax as the law requires. If difficulties are presented in complying with the mandate in this case, they arise almost wholly by reason of the wilful refusal of the clerk of the town of Oakland to comply with the plain provisions of the statutes. It is the duty of the town clerk to carry out the mandate of the statute, and it will remain his duty to do so until that mandate shall have been performed and the reassessments given full legal effect.

State ex rel. Blaine v. Erickson, 170 Wis. 205.

We shall not attempt to pass upon the legality of the preliminary steps to these various reassessments.   They are not before us in this proceeding.   The matter that we are here concerned with is the matter of the duty of the town clerk to prepare the tax roll in the manner prescribed by law.   He is in no position to question the regularity or to pass upon the validity of the acts of those whose duty it was to prepare the reassessment rolls.   It is his duty to take the reassessments rolls, which are fair upon their face, and from them prepare the tax roll for the year 1919 in the manner plainly pointed out by the statute, making the necessary credits and debits in the tax roll for 1919 to give effect to the various reassessments.   Sec. 1087—57, Stats.

The facts set up in the return constitute no legal excuse for the refusal of the defendant to perform his duty, and the prayer of the petition must be granted.   A decent regard for the public interests involved requires that the defendant proceed promptly as a public servant to perform his duty as a public official.

*By the Court.*—The demurrer to the return is sustained. A peremptory writ of *mandamus* is ordered to issue as prayed.   No costs are to be taxed, except that defendant shall pay the costs in this court.