5]                 JANUARY TERM, 1927.                    433

State ex rel. Berger v. Cary, 192 Wis. 433.

STATE EX REL. BERGER, Appellant, vs. CARY, County Clerk,
     and another, Respondents.   [Two cases.]

*November 8, 1926—April 5, 1927.*

*Income taxes: Deductible loss: Property unlawfully seized by alien
     property custodian: Judicial review of income tax board find-
     ings: Certiorari: Joint return of husband and wife: Subse-
     quent assessment of omitted income of wife: Interest on un-
     paid taxes.*

1. One who purchased corporation stock, to be paid for by the
   application of the dividends earned thereon toward the pur-
   chase price, could not claim a deduction, under sec. 1087*m*—4
   (b), Stats. 1917, in his state income tax return because of the
   unlawful seizure of the stock by the alien property custodian,
   where a voluntary settlement was effected under which the
   stock was returned to the stockholder. p. 437.
2. On *certiorari* to review a tax assessment levied by the income
   tax board of review the court cannot go back of the record;
   and if, in any reasonable view of the evidence, the action of
   the board can be sustained, the court has no right to disturb
   its decision. p. 437.
3. An appeal to equitable principles cannot be heard in *certiorari*
   proceedings to review the decision of the income tax board
   of review. p. 438.
4. Where a husband reported his wife's income with his in the
   year 1918, income accruing during the year to the wife, but
   upon which a tax was not paid or assessed, could be assessed
   in 1924, as the tax was the obligation of the wife; the hus-
   band, as a matter of administration, being made, by statute,
   her agent for reporting and paying it. p. 438.
5. The assessment of interest at ten per cent. on back taxes, as
   provided by statute, is not violative of the equal protection
   and due process provisions of the federal constitution. p. 439.

APPEALS from judgments of the circuit court for Mil-
waukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

These are appeals from judgments sustaining the action
of the income tax board of review of Milwaukee county in
levying income taxes against the appellants.

The proceedings in the lower court were upon writs of
*certiorari.* A separate writ was issued as to each appellant,

and the actions were joined for the purpose of trial and on this appeal.

*Edgar L. Wood* of Milwaukee, for the appellants.

For the respondents there was a brief by the *Attorney General, Franklin E. Bump,* assistant attorney general, *Eugene Wengert,* district attorney of Milwaukee county, and *Daniel W. Sullivan,* first assistant district attorney; and the cause was argued orally by *Mr. Sullivan* and *Mr. Bump.*

The following opinion was filed December 7, 1926:

CROWNHART, J.  The appellants were residents of Milwaukee during the period when the taxes in dispute were levied.  The matters in controversy grew out of the World War period from 1915 on.

One Richard Wagner, a brother of the appellant *Mathilda Berger* and uncle of *Walter Berger,* became interested, with one Albert Jensen, a citizen and resident of Denmark, in ocean shipping.  Wagner was a citizen and resident of New York.  Wagner and Jensen organized the American Trans-Atlantic Company, a New Jersey corporation, to engage in ocean transport.  This company took over ships which Jensen had purchased, and sought, through Wagner, American registry for such ships.  The American government hesitated to grant such registry, owing to Jensen's connection with the company.  Thereupon Wagner arranged to take over Jensen's interest and to secure United States citizens as stockholders to facilitate American registry of the ships.  Wagner had formerly been a resident of Milwaukee, and came to Milwaukee for the purpose of securing United States citizens as stockholders of the company.  He there sold stock in his company to several citizens of Milwaukee, including the appellants.  Those to whom he sold were all personal friends of his.  Wagner testified that the transactions as to the different stockholders were all alike.  Qualifying shares seem to have been first sold and paid for in

cash.   Later a substantial amount of stock was sold to the same stockholders upon condition that the stock might be paid for out of dividends declared and paid them by the company, the deferred payments to bear interest at six per cent.   Subsequently, in 1917 and 1918, dividends were declared in the total amount of 117 per cent. of the par value of the stock.   These dividends were paid to appellants in 1918, by Wagner taking receipts therefor and applying such payments in full of the purchase price of the stock. There is some conflict in the evidence as to the real interest of the parties, but the evidence fully justified the board of review in finding that there was a *bona fide* purchase of the stock by appellants, and full payment made therefor by turning over the dividends to Wagner.   The stock stood upon the books of the company in the name of the appellants. It is fair to assume that all parties in interest were in good faith in the transactions.

Later, in the year 1918, the alien property custodian of the federal government seized stock of the stockholders of the corporation, and thereafter, until 1921, held the stock and control of the corporation under claim that such property was the property of enemy aliens.   In 1921 Wagner and Jensen entered into a compromise with the alien property custodian, whereby the property was turned back to the original owners.   Appellants sold their stock to Jensen, and accepted payment from Jensen for their stock at about twenty per cent. of par value.

Appellants made no report of the transaction or the income from dividends for the year 1918, nor thereafter.   In 1924 the income assessor of Milwaukee, having discovered the facts, made an assessment against the appellants as of the year 1918, based on the 117 per cent. dividend receipts. He gave appellants credit on their 1921 and 1922 income taxes for the losses sustained in the sale of 1921.   Interest at ten per cent. per annum was added to the tax, pursuant

to the Statutes of 1921, which were passed to apply retro-
actively in such cases. The credits given on the losses were
not fully effective because of interest charges, and for the
reason that the income taxes were much smaller for those
years than the credits.

The appellants claim: (1) That the sequestration of
their stock by the custodian in 1918 should have been treated
as a total loss in that year, and no tax assessed by reason of
the dividends received; (2) that the stock in fact was never
the stock of the appellants, and the dividends declared were
likewise the property of Wagner; (3) that the husband of
*Mathilda Berger,* under the return of income for 1921, in-
cluded her income with his, and that the assessor could not
revise such returns to assess *Mrs. Berger* for the income of
1918; (4) that the assessment of ten per cent. interest on
back taxes of *Mathilda Berger* was void as contrary to the
Fourteenth amendment to the federal constitution; (5) and
the assessment of the tax against the appellants was con-
trary to the Fourteenth amendment to the federal constitu-
tion as taking property to pay a tax on income that never
existed.

The testimony given by Mr. Wagner is quite voluminous
and we shall not attempt to discuss it in detail. It is suffi-
cient to say that we are well satisfied that the evidence
amply justifies a finding that the appellants made a *bona fide*
purchase of stock of the corporation in 1915, and actually
received dividends thereon in 1918 in the amount of 117
per cent. of the face value; that such dividends were applied
on the purchase price of the stock; and that such dividends
constituted income which the appellants were required to
report for the year 1918 for assessment. Such income was
duly reported to the federal government and taxed as in-
come, but was not reported in Wisconsin.

As to the claim that appellants suffered a deductible loss
for that year, equal to the income, by reason of the seizure
of the stock by the custodian, it is significant that no income

State ex rel. Berger v. Cary, 192 Wis. 433.

was reported for that year, and that no loss was reported and none claimed as required by law. Further, it is admitted that the seizure was wholly illegal. The appellants had a remedy in equity given them by the Trading with the Enemy Act for any losses sustained by reason of the illegal seizure. Under the circumstances it cannot be successfully contended that there was any deductible loss in 1918. The income tax act provides for deduction of losses during the year and not compensated for by insurance or otherwise. Sec. 1087m—4 (b), Stats. 1917. Counsel for appellants earnestly contends that losses, as used in the statutes, include such as were occasioned by the seizure by the custodian of appellants' property.

We have given careful consideration to the exhaustive brief of appellants, but we cannot agree that there was any deductible loss in 1918. Appellants did not admit the legality of the seizure; the attorney general of the United States afterwards decided that the seizure was illegal, and for wrongful seizure the appellants had their remedy in equity. If we concede that there was a loss, the loss was not ascertained, it was not claimed, and it was not total. There was a voluntary adjustment of the matter in 1921 between the parties, and the appellants settled on the basis of twenty per cent. of par value of their stock. But the receipt of these sums on the settlement and sale was not reported by appellants as income for 1921. The appellants cannot now justly assert, in face of the fact that they made no report of any of the transactions in question in 1918, as required by law, that dividend income was offset by deductible losses. It may be as counsel asserts, that the actions of the federal custodian are a fit subject of investigation. However, by voluntary settlement, appellants seem to have lost any chance to recover their losses. The income tax board cannot be held to blame for their plight.

These proceedings were begun by *certiorari*. The court cannot go back of the record. If, in any reasonable view

of the evidence, the action of the board can be sustained, the court has no right to disturb its decision. *State ex rel. Pierce v. Jodon,* 182 Wis. 645, 197 N. W. 189; *State ex rel. Crucible S. C. Co. v. Wisconsin Tax Comm.* 185 Wis. 525, 532, 533, 201 N. W. 764. Appellants' appeal to equitable principles cannot be heard in *certiorari* proceedings. The taxing authorities are creatures of the statute and their duties are defined by statute.

The income assessor and the board of review seem to have strictly complied with the statutes of this state in making the assessments of which complaint is made.

*Mathilda Berger,* in 1918, was a married woman, and her husband, according to the statutes, included her income with his in his report of income for 1919 for taxation. He died in 1921, and it is now claimed that *Mrs. Berger* cannot be assessed for her 1918 income. The statute (sec. 71.11) provides that where it appears probable to the assessor of incomes or the board of review that any person has been underassessed or overassessed for any year subsequent to 1916, such assessor or board of review shall investigate the matter, and if it appears that any part of such income has not been previously assessed it shall be assessed and entered on the next assessment roll. This is what was done in this case. The income of *Mathilda Berger* for 1918, from dividends received by her on her stock in the American Trans-Atlantic Company, was found to have been not assessed, and the assessor so determined and placed it on the 1924 assessment rolls. The income was hers; the tax was her obligation, and the husband was her agent to report and pay the tax as a matter of administration. The legislative intent is fairly plain. Sub. 1 (e), sec. 1087m—5, Stats. 1919, provided that the tax levied on the income of the wife, reported by the husband, should be paid by him, but it also provided that if the tax was not paid by the husband it "may be enforced against any person whose income is in-

cluded in the assessment." The tax on omitted income of *Mathilda Berger* for 1918 was properly assessed against her in 1924, when the omission was discovered.

The appellant *Mathilda Berger* claims that the assessment of interest on back taxes, at the rate of ten per cent. per annum, as provided by the statute, is in violation of the "equal protection" and "due process" provisions of the federal constitution. This section providing for collection of interest on back taxes was considered and upheld in *State ex rel. Globe Steel Tubes Co. v. Lyons,* 183 Wis. 107, 123, 124, 197 N. W. 578. We think there is nothing in the record which shows that *Mathilda Berger* has been denied due process or equal protection of the laws.

Nor do we find any merit in the claim that appellants' property is being taken to pay a tax on income when in fact there was no income. This matter has been sufficiently discussed under another head.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, without costs, on April 5, 1927.