STATE EX REL. JOYCE and others, Respondents, vs. DENEEN, School District Clerk, Appellant.

*April 30—June 11, 1930.*

648

For the appellant the cause was submitted on the brief of *W. T. Doar* of New Richmond.

*N. O. Varnum* of Hudson, for the respondents.

ROSENBERRY, C. J.   The proceeding to detach the territory is pursuant to the provisions of sec. 40.85, Stats.   The section is long and complicated and we shall not set it out in full.   Sub. (1) provides that property may be detached from a school district maintaining a high school, other than a union free high school district, according to conditions therein specified, by filing with the clerk of the school board an application signed by three fourths of the electors and by the owners of more than one half of the taxable property by assessed value of the territory which is petitioned to be detached.

Sub. (4) provides that application shall be accompanied by affidavit proof "of three electors and freeholders from such territory that the necessary number of electors and owners of properties have joined in such application as required by subsection (2)."

Sub. (5) provides:

"Upon the filing of such application the clerk shall call a joint meeting of the school board and of the board of the town or boards of the towns in which the territory to be detached is located, said meeting to be held within twenty days from the date of filing."

Sub. (5) provides:

"Failure of the clerk to call the joint meeting or of the school board to enter the order of detachment, as required in subsection (5), may be appealed from, at any time within six months after such failure, by any five or more of the applicants, to the county superintendent of schools of any county in which such territory or any part thereof is located. . . . On the filing with such clerk of such appeal he shall forthwith transmit the same to the county superintendent of schools to whom the appeal is made, together with all papers that have been filed in connection with such application."

The statute then provides for subsequent procedure.

It is undisputed that the clerk refused or at least failed to call a meeting of the school board or board of the town or

towns in which the detached territory is situated. He likewise neglected and refused to make a return as it was his duty to do under sec. 40.85 (6). On behalf of the relators it is argued that, the petition being fair upon its face and in compliance with the requirements of the statute, the school clerk had no discretion with respect to the calling of the meeting, and in the event of his failure to do so he had no valid ground upon which to refuse to make the return; that his duties under the statute are merely ministerial, involve the exercise of no discretion, and he may therefore be compelled to perform the same by the court.

The statute is in its nature a very drastic and peremptory one. The filing of a petition in compliance with the statute operates to detach the territory from the district. The school clerk, school board, or board of the town or towns have no discretion in respect to that matter. Sec. 40.85 (5) (a) provides:

"If the application complies with the requirements of this section, the school board shall forthwith make and enter a written order detaching the territory as requested in such application, and describing such territory."

Paragraph (b) provides that the town board or boards, as the case may be, shall then detach the territory and attach the territory to some adjacent existing district or districts or create a new school district.

The application is fair upon its face and was accompanied by an affidavit and verification of three electors and freeholders as required by statute. The necessary electors and owners of property have joined in it. It is full and complete, describes the territory, gives the number of electors, describes the property to be detached with particularity, and is in all respects in compliance with the statute. It is considered that in this case as in the case of *State ex rel. Blaine v. Erickson,* 170 Wis. 205, 174 N. W. 919, which relates to the duties of the town clerk in respect to reassessments, it was the duty of the school clerk, the appellant here, to

call a meeting of the school board and of the town board or boards; that his failure to do so, so that a hearing might be had within twenty days as required by statute, entitled the petitioners to an appeal to the county superintendent of schools, and that upon such appeal it became the positive duty of the clerk to make return thereto as required by the statute. Whatever else the statute may do, it certainly invests the school district clerk with no discretionary power. He is purely a ministerial officer. He cannot constitute himself a tribunal to hear, try, and determine either the sufficiency or the merits of the petition.

While the petition has as yet not reached the hands of a tribunal authorized by the statute to pass upon its sufficiency, that matter was fully litigated upon the trial in this case. We have looked into the record and find the petition sufficient. When it comes before the county superintendent of schools the names of J. P. Petersen and his wife will be upon the petition and the petition will be in compliance with the law in that as well as in all other respects.

Under the statute no officer is authorized to exercise any discretion with respect to the detachment of the territory. Matters which affect the equities of the situation with reference to the various districts and parties are therefore immaterial. If the petition is in compliance with the law, the matter is at end and the territory must be detached. It is likewise considered that none of the constitutional rights of the parties are in any way invaded or involved. The legislature quite apparently has one view of the rights of the parties in respect to detachment of territory from school districts and the school authorities have another. The legislature in this field has very large powers. When it speaks and its mandate is complied with, the legal consequences prescribed must ensue and no officer can be permitted to defeat the will of the legislature upon equitable grounds.

*By the Court.*—Judgment affirmed.