STATE EX REL. BADTKE and others, Appellants, vs. SCHOOL BOARD OF JOINT COMMON SCHOOL DISTRICT No. 1, CITY OF RIPON, and others, Respondents.

*May 8—June 4, 1957.*

For the appellants there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner*.

For the respondents there was a brief by *Ela, Christianson & Ela,* and oral argument by *James F. Clark,* all of Madison.

A brief was filed by *Kulig & Kulig* of Independence, and *Fugina, Kostner & Ward* of Arcadia, as *amici curiae.*

A brief was also filed by *John N. Kramer, Gordon Sinykin,* and *Walter B. Raushenbush,* all of Madison, as *amici curiae.*

BROWN, J. The motion to quash the writ of certiorari is in the nature of a demurrer to a complaint. It admits the material allegations of fact contained in the petition for the writ but does not admit conclusions of law sought to be drawn from them. " 'The petition or affidavit upon which the writ issues serves the purpose of an assignment of errors, and no irregularities will be considered except such as are pointed out therein, although they are apparent of record.' " *Tourville v. S. D. Seavey Co.* (1905), 124 Wis. 56, 58, 102 N. W. 352; *State ex rel. A. Hynek & Sons Co. v. Board of Appeals* (1954), 267 Wis. 309, 315b, 64 N. W. (2d) 741, 66 N. W. (2d) 623. The motion to quash ". . . is, in effect, a demurrer questioning the legal sufficiency of the facts appearing in the record, and can go no further." *State ex rel. Clancy v. McGovern* (1898), 100 Wis. 666, 671, 76 N. W. 593; *State ex rel. Anderson v. Timme* (1888), 70 Wis. 627, 36 N. W. 325. Certiorari lies

only to review questions of jurisdiction or power of the body whose decision is in question. Exercise of either legislative or judicial discretion is not reviewable. *Starry v. State* (1902), 115 Wis. 50, 90 N. W. 1014; *State ex rel. Milwaukee Medical College v. Chittenden* (1906), 127 Wis. 468, 107 N. W. 500.

Joint School District No. 16 includes territory in a number of townships in Fond du Lac, Green Lake, and Winnebago counties. The district operates a school containing grades 1 through 8. Certain electors of this district petitioned that certain territory forming part of the district should be annexed to School District No. 1 of the city of Ripon. No. 1 is a completely integrated district operating grades 1 through 12. The annexation proceedings were conducted in reliance on sec. 40.075, Stats., which reads as follows:

"ANNEXATION TO COMMON SCHOOL DISTRICTS OPERATING HIGH SCHOOLS. Territory not in but adjoining a district which holds an annual meeting and operates grades 1 to 12 may be annexed thereto upon a petition therefor presented to the board of such common school district signed by 10 per cent of the electors in such adjacent territory. If the board approves the petition, the matter shall be submitted by said board to a meeting of the electors of said territory held in accordance with the provisions of section 40.14 (2). If a majority of the electors present at said meeting are in favor thereof, said territory shall thereby be annexed. The board shall issue an order to that effect, copies of which shall be filed as provided in section 40.03 (3). If the school of the area to be annexed is in session, the order shall take effect on the next July 1. If the school is not in session, the order shall take effect at once. Any order of the school board to which attachment is made shall be presumptive evidence of the facts recited therein, and of the validity of all proceedings preliminary thereto."

The petition for the writ, as amended, shows that the various steps and procedures required by sec. 40.075, Stats., were strictly complied with. Appellants do not contend other-

wise except that they submit that the territory annexed does not adjoin District No. 1 within the contemplation of the statute. In fact, the territory annexed is a long, irregularly shaped area which winds a course through the interior of District 16. In two places the continuity of the annexed portion is made only by corners of annexed tracts touching each other. The question is whether tracts which thus corner upon each other are, in the words of the statute, adjoining.

In *Hennessy v. Douglas County* (1898), 99 Wis. 129, 136, 137, 74 N. W. 983, we said, "The distinction between 'adjacent' and 'adjoining' seems to be that the former implies that the two bodies are not widely separated, though they may not actually touch, while 'adjoining' indicates that they are so joined or united that no third body intervenes. . . . The word 'adjoining,' in its etymological sense, means touching or contiguous, as distinguished from lying near or adjacent." In *Independent Consolidated School Dist. v. Big Stone County* (1954), 243 Minn. 341, 67 N. W. (2d) 903, the statute permitted "adjoining" land to be annexed to a school district. The issue was exactly as it is in the present case. The trial court held that the two parcels were not "adjoining" but the supreme court reversed, holding that they were. 2 C. J. S., Adjoining Landowners, p. 1, sec. 1, says that "The word [adjoin], in its strictest sense, is said to carry the idea of actual contact and touch." In the same work, beginning on page 2, many definitions are given of the word "adjoining" and many examples of its application are cited from adjudicated cases. We have not read them all but in none of those we have read do we find an instance where parcels which touch each other at their corners are held not to be adjoining. The effort in the cited cases appears to have been to bring tracts which *do not* touch within the definition of "adjoining." Appellants refer us to these paragraphs of Corpus Juris Secundum and their brief quotes numerous cases in which the term "adjoining" is

used, but they cite none in which parcels which touch each other have been held not to be adjoining. The brief shows great industry in research. If there are cases which hold that lands which "corner" are not adjoining lands, we are sure that counsel would have found them and, finding, would have called our attention to them. Our definition of "adjoining," given in *Hennessy v. Douglas County, supra,* still seems to us to be correct and lands which touch each other at a common corner are adjoining lands. The parcels in question here, touching each other at corners, are so situated that in no instance can a third body intervene. We consider that they meet the test of adjoining territory.

It has not escaped our notice that, after referring to territory adjoining a district, etc., sec. 40.075, Stats., goes on in the same sentence to speak of the powers of the electors "in such adjacent territory." If this variation in language has any effect it can only be to relax the strictest sense of "adjoining" to permit some favorable consideration to be given to annexations although the parcels do not actually touch. In the present case where they do touch, it is unnecessary to determine to what extent, if any, the use of the term "adjacent" territory liberalizes the narrow meaning of "adjoining." We conclude, only, that the territory detached from District 16 and annexed to District 1 fulfils the statutory requirement that it adjoin District 1.

With the decision that the lands here annexed to District 1 adjoined that district, it is clear that the terms of sec. 40.075, Stats., were literally followed. Appellants' other objections go to matters which are not in the statute. Thus they contend that it is inequitable for District 1 to take taxable property without taking a commensurate number of children, which children are left for the reduced District 16 to educate; inequitable to annex in such a way as to take farmlands upon which the owner does not live, but to omit the part on which he does live, thereby disqualifying him

as a voter upon the annexation; inequitable to separate for annexation so attenuated an area as is involved here. "Appellants' appeal to equitable principles cannot be heard in certiorari proceedings." *State ex rel. Berger v. Cary* (1927), 192 Wis. 433, 211 N. W. 284. True, appellants also submit that the actions so objected to are illegal, but since they were done in strict compliance with the terms of the statute the objections to legality are without merit.

"Matters which affect the equities of the situation with reference to the various districts and parties are therefore immaterial. If the petition is in compliance with the law, the matter is at end and the territory must be detached." *State ex rel. Joyce v. Deneen* (1930), 201 Wis. 646, 651, 231 N. W. 174.

Appellants have a good deal to say about the intention of the legislature. The statute is plain and unambiguous. Therefore, ". . . interpretation is unnecessary, and intentions cannot be imputed to the legislature except those to be gathered from the terms of the law." *Estate of Ries* (1951), 259 Wis. 453, 459, 49 N. W. (2d) 483, 50 N. W. (2d) 397. If, as appellants submit, the legislature meant something other than it said, the remedy is not in the courts which can deal only with the legislative mandate as that body gave it. Modifications of the statute if it works badly or in unexpected and undesirable ways must be obtained through legislative, not judicial action.

Appellants also ask us to set aside this annexation because, they say, it is a gerrymander. Calling it so,—and it is a convenient and possibly an appropriate name,—does not make it illegal. They refer us to *State ex rel. Moreland v. Whitford* (1882), 54 Wis. 150, 11 N. W. 424, and *State ex rel. Attorney General v. Cunningham* (1892), 81 Wis. 440, 51 N. W. 724. In the former case on certiorari we sustained a correction by the state superintendent of public instruction of the gerrymandered boundaries of a school dis-

trict as established by the town board. We sustained the revision not because the boundaries set by the town board were illegal but because the legislature had given the superintendent final authority in all district boundary matters. In setting aside the boundaries established by the town board the superintendent expressed sentiments against gerrymanders for religious and racial considerations and in our opinion we gave the sentiments our blessing; but what we *held* in that case was merely that the superintendent had acted within the powers given him by the legislature and, therefore, must be sustained. If the cited case is material at all to the one we now consider, it is only to provide further authority that the present respondents who have acted within the power which the legislature gave by sec. 40.075, Stats., must be sustained also.

In the *Cunningham Case, supra,* there was gerrymandering to be sure, but it was not that for which we declared the act in question void. We were considering an act apportioning the state into assembly and senate legislative districts. The proposed apportionment was declared void because the gerrymander violated numerous express provisions of the state constitution; for example, contrary to the constitution, counties were divided in the formation of assembly districts. In the case at bar we find no constitutional command which sec. 40.075, Stats., violates or which is violated by the formation of the school district under consideration.

Appellants say that sec. 40.075, Stats., which limits the vote to the electors of the territory whose annexation is proposed, conflicts with our decision in *State ex rel. West Allis v. Dieringer* (1957), 275 Wis. 208, 81 N. W. (2d) 533, which recognized voting rights in the representatives of areas left out of the territory to be annexed. Why, yes; but the statute we then considered was a different one. We cannot declare a statute void because its provisions differ from those of another statute nor can we modify either of

them to accomplish a uniformity which the legislature did not direct. If the legislature wants uniformity between sec. 40.06 (*Dieringer Case, supra*) and sec. 40.075 (present case), it is for the legislature to say so. It is not our business and we must take both statutes as the legislature has enacted them.

We conclude that the annexation to District 1 of the portions of District 16 now in question is permitted by the existing statutes and that the procedure prescribed by the legislature (sec. 40.075, .Stats.) has been complied with. Annexation, therefore, has been accomplished. Having determined these things, proceedings in certiorari can go no further. The learned trial court correctly quashed the writ.

*By the Court.*—Judgment affirmed.

(*Dissent.*) BROADFOOT, CURRIE, and WINGERT, JJ., dissent, being of opinion that tracts of land which meet only at a corner point are not "adjoining" within the meaning of sec. 40.075, Stats.