REYNOLDS v. BAKER.

4-7790                                                191 S. W. 2d 959

Opinion delivered January 21, 1946.

*John L. Sullivan,* for appellant.

*Buzbee, Harrison & Wright,* for appellee.

MILLWEE, J.   There are three school districts in Pulaski county: (1) Little Rock Special School District, which embraces all of metropolitan Little Rock and several small areas contiguous to the city, hereinafter referred to as Little Rock District; (2) North Little Rock Special School District, which embraces all the territory in the limits of the City of North Little Rock and several small adjoining areas, hereinafter referred to as North Little Rock District, and; (3) Pulaski County Special School District, which includes all of Pulaski county not included in either of the aforementioned districts, thus making it a rural district, hereinafter referred to as Pulaski County District.

Appellants are patrons of Sylvan Hills School which is a part of Pulaski County District and is located near the city of North Little Rock. They instituted proceedings to annex the Sylvan Hills School area to North Little Rock District under the provisions of Act 387 of 1939, as amended by Act 327 of 1941. Petitions were filed with North Little Rock District requesting its consent to the annexation proposal. This consent was granted by resolution of the Board of Directors of North Little Rock District. Identical petitions were filed with the Pulaski County District requesting its consent to the detachment of the Sylvan Hills School area from the rural district and annexation to North Little Rock District. The Board

of Directors of Pulaski County District refused to give its consent to the proposal. Petitions were then filed by appellants with the Pulaski County Board of Education requesting the annexation. The County Board of Education declined to act upon the proposal because the petitioners had failed to obtain the consent of the directors of Pulaski County District. Appellants then brought this suit against Pulaski County District and the County Board of Education.

The complaint alleged in detail the superior physical and academic advantages of the North Little Rock Schools over the Sylvan Hills Schools. It was further alleged that the action of the directors of Pulaski County District in refusing to consent to the annexation proposal was arbitrary and contrary to the best interests of the children and patrons of the Sylvan Hills Community. It was prayed that the Chancery Court issue an order requiring the Board of Directors of Pulaski County District to pass a resolution authorizing the annexation.

In the answer, the directors of Pulaski County District admitted their refusal to approve the proposed annexation and alleged that appellants were without lawful right to maintain the suit in the absence of such consent by the Pulaski County District. Their reason for refusing to consent to the proposal is set out in the answer as follows: "The Directors are willing that Pulaski County Special School District be consolidated with and taken over by the only other two school districts in Pulaski county, Little Rock Special School District and North Little Rock Special School District, but they oppose the annexation of choice areas by the other two districts to the great detriment of the inhabitants of the territory which remains. The Directors state that the substantial improvements and educational standards gained since the formation of Pulaski County Special School District will be substantially impaired or destroyed by the piecemeal transfer of financially strong areas of the district to the other districts. Pulaski County Special School District was brought into being by the necessity of providing better education for the children of areas with low land

values, through the equalizing effect of unified action with areas of higher land values. The annexation of desirable territory of the type of Sylvan Hills would amount to an emasculation of the Pulaski County Special School District."

On the date set for hearing of the cause, appellant's solicitor stated that he had a number of witnesses to testify to the conditions existing at Sylvan Hills School and the advantages that would accrue to the pupils thereof as a result of the proposed annexation; and that the action of the Pulaski County District Board in its refusal to pass a resolution consenting to annex amounted to an arbitrary abuse of discretion. The court refused to hear such proof and treated the answer of Pulaski County District as a demurrer which was sustained on the ground that Chancery Court had no judicial right to review the action of Pulaski County District, and that the lack of written consent of the district, as required by § 1 of Act 387 of 1939, as amended by Act 327 of 1941, was fatal to appellant's asserted cause of action. This appeal follows.

The contention of appellants is set out in the following statement in their brief: "We contend that by the action of the Chancellor in refusing the appellants opportunity to present testimony and introduce evidence in the premises, he was unable to pass upon the only question involved in this case—whether the members of the Pulaski County Special School District (Rural) acted arbitrarily and abused their discretion, in failing to pass a resolution for the annexation of the Sylvan Hills School and area to the North Little Rock Special School District."

Section 1 of Act 387 of 1939, as amended by § 11 of Act 327 of 1941, provides that the several county boards of education "shall have the power to change the boundary lines between school districts upon the written consent and request by a resolution adopted by the Board of Directors of each district affected by the proposed change, and with the written consent and request of a majority of the electors in the territory seeking to be annexed as shown by the petition." The language of the

statute is plain and unambiguous. By the express terms of the act the written consent and request of, (1) Pulaski County District, (2) North Little Rock District, and (3) a majority of the electors in the Sylvan Hills School area, are conditions precedent to the power of the County Board of Education to detach the Sylvan Hills area from the Pulaski County District and attach it to the North Little Rock District. It is conceded that the written consent and request of the Pulaski County District to the annexation proposal has not been secured. On the contrary, the district has refused to give its consent.

The effect of the Act is to make the consent of the Pulaski County District a prerequisite to the jurisdiction of the County Board of Education. The consent being absent, the power to act is lacking. " 'Consent' as recognized by the law cannot be the subject of compulsion, but implies an agreement to that which, but for the consent, could not exist, and which the party consenting has a right to forbid, and supposes a physical power to act, a moral power of acting, and a serious, determined and free use of these powers." Words and Phrases, Permanent Ed. Vol. 8, page 628; *State, ex. rel. United Rys. Co. of St. Louis* v. *Public Service Commission of Missouri*, 270 Mo. 429, 192 S. W. 958. Consent is given when we yield that which we have a right to withhold. Under the statute, the directors of the Pulaski County District had the right to withhold their approval of the annexation proposal and, having exercised that right, are not subject to judicial coercion.

Appellants cite such cases as *Rural Special District No. 21* v. *Common School District No. 87*, 183 Ark. 329, 35 S. W. 2d 587, and *Perry* v. *Gill*, 184 Ark. 1099, 44 S. W. 2d 1084, where it is held that county boards of education are vested by law with a sound discretion in determination of matters pertaining to formation and consolidation of school districts, which is subject to review only where it appears that the orders of the board are arbitrary or unreasonable. These, and similar cases, involve the review of affirmative actions of the county board of education where the board has acquired jurisdiction. By

the terms of the statute under which appellants elected to proceed, the County Board of Education is without jurisdiction to act unless the consent of the Pulaski County District to the annexation proposal is secured.

It may be pointed out that other avenues of procedure for annexation were open to appellants. By § 11481, Pope's Digest, as amended by Act 327 of 1941, annexation may be effected by the County Board of Education upon a petition signed by a majority of the qualified electors in each district affected. Or, appellants might have proceeded under § 11482, Pope's Digest, as amended by Act 327 of 1941, which provides that the County Board of Education may submit the question to a vote as provided in § 11477, Pope's Digest, upon petition of 10% of the qualified electors in the territory affected. Appellants elected to proceed under Act 387 of 1939, as amended. Since the consent of the Pulaski County District is a prerequisite to jurisdiction of the County Board of Education, and since it is conceded in the pleadings that such consent is affirmatively lacking in the case at bar, the chancellor correctly dismissed the complaint of appellants.

The decree is, therefore, affirmed.