IN RE SETTING OFF LANDS FROM SCHOOL DISTRICT NO. 7
TO SCHOOL DISTRICT NO. 3.
INDEPENDENT CONSOLIDATED SCHOOL DISTRICT NO. 66
AND OTHERS v. BIG STONE COUNTY AND OTHERS.
LISMORE STOCK FARM, APPELLANT.[1]

December 24, 1954.

No. 36,335.

---
[1]Reported in 67 N. W. (2d) 903.

F. L. *Cliff and E. V. Cliff,* for appellant.
O. K. *Alger* and *Clayton A. Gay,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Appeal from a district court judgment which reversed an order of the board of county commissioners of Big Stone county, directing transfer of appellant's lands from school district No. 7 to school district No. 3 of said county. The lands transferred were the east one-half of section 29, the north one-half of section 33, and the south one-half of section 32 in township 123, and lots 1, 2, 3, and 4, section 5, township 122, Big Stone county. Appellant, Lismore Stock Farm, is a family corporation engaged in farming operations on the property described.

Lots 1, 2, 3, and 4 of section 5 and the south one-half of section 32, township 122, adjoin school district No. 3 on its westerly boundary line for a distance of three-quarters of a mile, while the north one-half of section 33 thereof adjoins school district No. 3 for a distance of approximately one mile on the northerly boundary of said district. The east one-half of section 29, township 123 of such lands, however, merely "corners" at its southeast corner, on the northwest corner of the north one-half of section 33, township 123.

Prior to December 3, 1952, pursuant to M. S. A. 122.15, appellant filed with the county auditor of Big Stone county, a petition for transfer of the lands described to school district No. 3. Hearing thereon, set by the board for December 3, 1952, was then postponed until January 6, 1953, and on the latter date adjourned to February 4, 1953. In the meantime, on December 16, 1952, an election was held in Big Stone county under § 122.52 for the creation of Independent Consolidated School District No. 66 to include within its boundaries all of school district No. 7 in which were located appellant's lands.

On February 4, 1953, the board of county commissioners made its order transferring the land described from district No. 7 to

district No. 3, thus placing it beyond the boundaries of new Independent Consolidated School District No. 66. The latter, together with certain landowners in the new district, thereupon appealed to the district court from the board's order.

The court found that due notice of hearing on the petition for transfer was given by publication in the Ortonville Independent on December 18, 1952, and December 25, 1952, by posting in school district No. 3 and No. 7 on December 22, 1952, and by mailing to the clerks of school district No. 3 and No. 7 on December 22, 1952; that on December 26, 1952, the county superintendent of schools of Big Stone county had issued her order of reorganization for Independent Consolidated School District No. 66; that on January 26, 1953, its officers had been elected; and that no notice of the hearing on appellant's petition for transfer was ever given to such district.

In reviewing the board's order of transfer, the court determined that, since the east one-half of section 29, township 123, above described, did not "adjoin" original school district No. 3 or any of the lands transferred from said district No. 7 to school district No. 3 as required by § 122.15, the board had exceeded its jurisdiction in ordering this one-half section and the remaining lands of appellant transferred to the latter district.

Appellants contend that within the contemplation of § 122.15 the east one-half of section 29 does "adjoin" territory comprising school district No. 3; that there was full compliance with the statutory requirements governing its transfer from district No. 7; and that the board of county commissioners had jurisdiction to order its transfer.

■ We believe the facts establish clearly that the board of county commissioners had jurisdiction to hear the petition for transfer and that its order directing the same was valid. Section 122.15[2] sets

---

[2]Section 122.15, subd. 1. "When any freeholder shall present to the board of county commissioners of any county a petition, verified by him, stating that he owns land adjoining any district or separated therefrom by not more than one-quarter section and that the intervening land is vacant and unoccupied or that its owner is unknown and that he desires his land, together with the intervening land, annexed to such adjoining district, and

forth the procedure for such transfers. It specifies that any freeholder may present a petition to the board setting forth his ownership of lands adjoining any school district, his desire that they be annexed thereto, and his reasons therefor; and it further provides that the board upon notice and hearing and proof may grant the petition. Where, as in the instant case, the petition is presented prior to an election on consolidation, the act clearly states that approval of the newly consolidated district is not required, even though lands are to be detached therefrom by the order of transfer.

This latter provision seems particularly applicable here where at the time of posting, publication and mailing of notices of hearing, the order of reorganization of the superintendent required by § 122.52 had not yet been issued and the officers and clerk of the newly consolidated school district had not been elected. Obviously, there was no one at that time to whom notice might have been given. The statutory requirements for invocation of the board's jurisdiction having been complied with by December 22, 1952, events transpiring subsequent thereto, such as the issuance of the order of reorganization or the election of officers, would neither terminate such jurisdiction nor compel further process for its continuance.

■ We hold further that, within the contemplation of § 122.15, the east one-half of section 29 which cornered the northwest corner

his reasons for asking such change, the board, upon notice and hearing as in the case of the formation of a new district and upon proof of all the allegations of the petition, may make its order granting the same, provided, that when the petition requests that territory be detached from a consolidated school district formed in accordance with the provisions of Minnesota Statutes, Sections 122.18 to 122.27, or from a school district reorganized in accordance with the provisions of Minnesota Statutes, Sections 122.40 to 122.57, subsequent to the elections on consolidation or reorganization, such petitions shall be approved by the school board of such consolidated or reorganized school district, and like notice of such change shall be given as in the case of the formation of a new district; * * *.

"Provided further that the approval of the school board of such consolidated or reorganized school district shall not be required for such petitions which have been presented to the board of county commissioners previous to an election on school district consolidation or reorganization."

of the north one-half of section 33 of the above lands may properly be said to "adjoin" district No. 3. While we have not construed the term "adjoining" as used in § 122.15, in the construction of statutory provisions governing the homestead exemption act we have used language giving recognition to the principle that a tract which corners upon another actually constitutes, with the latter, a single or entire parcel of land. Thus in Brixius v. Reimringer, 101 Minn. 347, 348, 112 N. W. 273,[3] it was stated:

"* * * The essential thing to constitute a quantity of land within the homestead law is that it shall be occupied and cultivated as one piece or parcel of land, * * *. This object is accomplished when two parcels touch at the corners, * * *."

The general rule is expressed in 2 C. J. S., Adjoin, p. 2, as follows:

"* * * The phrase [adjoining] has been defined as premises which *touch* and are connected, or in contact, with the other premises involved, rather than those merely lying near or adjacent, * * *." (Italics supplied.)

Decisions construing words such as "contiguous" and like phrases are in accordance with this viewpoint. See, Severts v. County of Yellow Medicine, 148 Minn. 321, 181 N. W. 919; Moseley v. Welch, 218 S. C. 242, 62 S. E. (2d) 313; Bullock v. Cooley, 225 N. Y. 566, 122 N. E. 630; Oregon Mtge. Co. Ltd. v. Dunbar, 87 Mont. 603, 289 P. 559, 73 A. L. R. 113; Clements v. Crawford County Bank, 64 Ark. 7, 40 S. W. 132; Morris v. Gibson, 35 Ga. App. 689, 134 S. E. 796; Parsons v. Dils, 172 Ky. 774, 189 S. W. 1158. In line therewith, we conclude that all of the lands here transferred properly adjoined school district No. 3 and that therefore the board had jurisdiction to order their transfer thereto.

■ Other issues argued by respondent do not appear to be here for determination. To uphold the contentions made with respect thereto would require findings substantially at variance with those made by the trial court. Respondent, however, made no motion to

---

[3]In the Brixius case this court departed from the more stringent rule previously expressed on this issue in Kresin v. Mau, 15 Minn. 87 (116).

amend them and presumably was satisfied therewith. It is well settled that cross assignments of error are not authorized here and that, by failing to appeal, a party waives objections to findings, judgment, or any order based thereon. Lading v. City of Duluth, 153 Minn. 464, 190 N. W. 981; State ex rel. City of Duluth v. N. P. Ry. Co. 99 Minn. 280, 109 N. W. 238, 110 N. W. 975; New v. Wheaton, 24 Minn. 406; 1 Dunnell, Dig. (3 ed.) § 360.

The judgment is reversed.

Reversed.