IN RE PETITION OF KENNETH KRENZ TO SET OFF
CERTAIN LOTS FROM SCHOOL DISTRICT NO. 14 AND
ANNEX SAID LANDS TO SCHOOL DISTRICT NO. 46.
KENNETH KRENZ v. INDEPENDENT JOINT
CONSOLIDATED SCHOOL DISTRICT NO. 61,
TRAVERSE COUNTY, DISTRICT NO. 86,
WILKIN COUNTY, AND DISTRICT
NO. 50, GRANT COUNTY.

78 N. W. (2d) 782.

October 5, 1956—No. 36,884.

*Johanson, Winter & Lundquist* and *Gunder Gunhus,* for appellant.
*Field, Arvesen & Donoho,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court. The facts are undisputed. On February 19, 1953, appellant Kenneth Krenz, the owner of lots 1, 6, and 7, section 18, Redpath Township, Traverse County, Minnesota, filed with the county auditor of that county a petition requesting its county board to set off his land from school district No. 14 to school district No. 46. Section 18 of Redpath Township was part of school district No. 14, and section No. 19 was part of school district No. 46. On the date that appellant filed his petition, his land was separated from the school district to which he wanted to be attached by a 40-acre tract of land owned by one William Ringdahl. On the same date that appellant filed his petition, Ringdahl also filed a petition with the same county auditor requesting that his land, lot 12, section 18, in Redpath Township, be also set off from school district No. 14 to school district No. 46. Appellant alleged in his petition that, at the time he filed it, the petition of Ringdahl had already been filed and that therefore appellant's land adjoined district No. 46.

On February 20, 1953, a reorganization election was held to vote on the creation of a new district (school district No. 14 being a part of the area to be included in the new district), which new district was established. On April 7, 1953, and before the county board acted upon the petition filed by Ringdahl, it denied appellant's petition without a hearing on the merits and upon the ground that appellant's land was not "adjoining" school district No. 46. The petitions were filed under M. S. A. 122.15, and the meaning of the word "adjoining" under that statute is before this court.

Subsequent to the denial of appellant's petition and on August 25, 1954, the county board granted the petition of Ringdahl. The order denying appellant's petition was duly appealed to the district court and the matter was presented to that court for determination upon stipulated facts. The district court affirmed the order of the county board denying appellant's petition and ordered judgment accordingly, from which judgment this appeal was taken.

The statement of facts agreed upon by all parties further states that there were 23 other appeals before the district court presenting the same legal issue although growing out of different fact situations. It has been stipulated here that the appeal of this case presents the same legal issue involved in all the other cases also appealed here and that the determination of appellant's appeal shall be controlling in each of the other appeals.

The legal issues raised on appeal are as follows:

(1) Whether appellant's is land adjoining school district No. 46 under § 122.15.

(2) Whether the August 25, 1954, order of the county board granting Ringdahl's petition annexing the land which separated the appellant's land from school district No. 46 operated from the date of filing the petition on February 19, 1953, thereby resulting in appellant's land "adjoining" school district No. 46 under the statutes.

The only assignment of error raised by appellant is "that the findings of fact and conclusions of law are not sustained by the evidence, appellant's land being 'adjoining' under the meaning of the statutes."

Section 122.15 provides in part that, when any freeholder presents to the board of county commissioners of any county his verified petition stating that he owns land adjoining any district, his desire that it be annexed thereto, and his reasons therefor, the board upon notice and hearing and proof may grant the petition.

■ With reference to appellant's first issue, the trial court found that at the time appellant's petition was filed on February 19, 1953, his land was not physically adjacent to school district No. 46 but was separated from it by the land of William Ringdahl, who had made and filed a similar petition with the Traverse county board on the same day requesting the annexation of his intervening land to district. No. 46. The court further found that at the time of denial of appellant's petition by the county board on April 7, 1953, no order of annexation had yet been made on the Ringdahl petition and that therefore appellant's land was not physically adjoining or

adjacent to any part of school district No. 46. The court concluded that the April 7, 1953, order of the county board, denying appellant's petition, should be in all things affirmed and that his petition for setoff and annexation should be in all things denied and dismissed and ordered judgment accordingly.

It is our opinion that the finding of the trial court must be upheld and the judgment sustained.

It seems clear to us that at the time appellant's petition was filed his land was not adjoining school district No. 46 within the meaning of § 122.15 but was separated from that district by the William Ringdahl land. The mere allegation and conclusion in appellant's petition that at the time it was filed the petition of William Ringdahl and certain others were on file and that therefore petitioner's land "adjoins school district No. 46" could not in itself change the physical facts that at that time appellant's land was still separated from district No. 46 by the William Ringdahl land as no action had yet been taken on the Ringdahl petition. There was no element of physical contact between appellant's land and district No. 46 on that date. In fact, the Ringdahl petition for annexing his tract of land which separated petitioner's land from school district No. 46 was not granted by the county board until August 25, 1954, more than sixteen months after the board denied appellant's petition. The mere filing of the Ringdahl petition could not in itself set off the Ringdahl land from school district No. 14 and annex it to the adjoining school district No. 46 without any action whatsoever by the county board on the petition as provided for in § 122.15.

Appellant cites as controlling In re Setting off Lands from School Dist. No. 7, 243 Minn. 341, 67 N. W. (2d) 903, also cited by the respondent. The fact situation in that case differed from the facts here in that there the lands in question did not share a common boundary but did touch at one corner. In holding that the lands involved were adjoining within the meaning of § 122.15, this court quoted with approval the general rule expressed in 2 C. J. S., Adjoin, p. 2, as follows:

"* * * the phrase [adjoining] has been defined as premises which *touch* and are connected, or in contact, with the other premises involved, rather than those merely lying near or adjacent, * * *." (Italics supplied.)

See, also, Brixius v. Reimringer, 101 Minn. 347, 112 N. W. 273. By no stretch of the imagination can we say in the case at bar that, when appellant's petition was filed, with his tract of land separated from district No. 46 by the Ringdahl 40 acres, his land adjoined district No. 46 merely because Ringdahl had filed his petition on the same date, which petition was not acted upon by the county board until several months after appellant's petition had been denied.

In connection with appellant's second issue, it is our opinion that the August 25, 1954, order of the county board granting William Ringdahl's petition to set off his land from school district No. 14 and annex the same to the adjoining school district No. 46 operated from the date of the granting of said petition rather than the date of his filing of the petition on February 19, 1953. To hold otherwise would make meaningless the provision in the statute that the board upon notice and hearing, as in the case of the formation of a new district, and upon proof of all the allegations of the petition, may make its order granting the same, as the annexation would then automatically occur at the time of the filing of the petition which was not intended by the statute.

Affirmed.