# HELMER R. BAUER AND ANOTHER v. INDEPENDENT SCHOOL DISTRICT NO. 656 BOARD.

229 N. W. 2d 129.

April 11, 1975—No. 45194.

*Warren D. Chamberlain,* for appellants.
*Lucius A. Smith,* for respondent.

Heard before Peterson, Kelly, and Chanak, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal by petitioners from an order of the Rice County District Court denying them a peremptory writ of mandamus to compel respondent to consent to their petition for detachment, pursuant to Minn. St. 122.21.[1]

---

[1] Minn. St. 122.21, provides in part as follows: "Subdivision 1. The owner of land which adjoins any common or independent district, and whose land is not in a special district may petition the county board of the county in which the greater part of the area proposed for detachment and annexation lies to detach all or any part of his land together with the intervening lands as defined in subparagraph (b) below, from the district it now is in, and to attach it, together with such intervening land, to the adjoining district. For purpose of this section, land is adjoining a school district if:

"(a) The boundary of the area proposed for detachment and annexation is the same as the district boundary to which attachment is sought at any point, including corners, or

450

Petitioners, Helmer and Karen Bauer, are owners of a parcel of land located within Independent School District No. 656, but which abuts and joins Independent School District No. 254 on the east and south of their land. For the convenience of schooling their children, they prepared a petition for detachment from District 656 for filing with the Rice County Board of Commissioners, as required by Minn. St. 122.21. Pursuant to subd. 2(c) of the statute, petitioners appeared before the school board of District 656 at one of its regular meetings to obtain its consent endorsement upon their petition to the county board. The school

"(b)   The area proposed for detachment and annexation is separated at any point from the district to which annexation is sought by not more than one-half mile and the intervening land is vacant and unoccupied or is owned by one or more of the following: The United States, or the state of Minnesota or any of its political subdivisions, or an owner who is unknown or cannot be found or

"(c)   The area proposed by a land owner for detachment and annexation is adjoining (as defined in subparagraphs (a) and (b) above) any land proposed for detachment from and annexation to the same district in another pending petition.

"Subd. 2.   The petition shall contain:

"(a)   A correct description of the area proposed for detachment and annexation, together with such supporting data with regard to location and title to land as will establish facts conformable to subdivision 1 hereof.

"(b)   The reasons for the proposed change with facts showing that the granting of the petition will not reduce the size of any district to less than four sections, unless the district is not operating a school within the district.

"(c)   Consent to the petition, endorsed thereon at any time before the hearing by the board of the district from which the area is to be removed, if, at the time of the filing of the petition, any part of the area proposed for detachment is part of an unorganized territory or a district which maintains and operates a secondary school within the district or unorganized territory.

"(d)   An identification of the district to which annexation is sought.

"(e)   Such other information as petitioners may desire to affix.

"(f)   An acknowledgment by the petitioner."

board refused to give such consent. The basis for refusal does not appear in the record.

Since it is unchallenged that the school board's consent was a jurisdictional prerequisite to presenting such a detachment petition to the county board, petitioners sought a peremptory writ of mandamus to compel the board to endorse its consent on their petition which was denied.

Petitioner's sole contention is that the school board's consent to the petition was intended by the legislature to be merely a mandatory, ministerial act, which must be performed whenever a detachment petition is presented, and which therefore can be compelled by mandamus.

We must, therefore, decide what the legislature intended by the word "consent" as provided in Minn. St. 122.21, subd. 2(c).

Minn. St. c. 122 deals with the formation and alteration of school districts. Prior to 1951, individual petitions for detachment did not require consent from the school board. In that year, Minn. St. 1949, § 122.15 was amended to require that such "petitions shall be *approved* by the school board" (italics supplied).[2] In 1957 the entire chapter was reorganized and simplified with § 122.15 being repealed and replaced by the present Minn. St. 122.21, calling for "*consent* to the petition" (italics supplied).

In the case of In re Setting Off Lands from School Dist. No. 7, 243 Minn. 341, 67 N. W. 2d 903 (1954), we upheld the sufficiency of a landowners' petition for detachment presented to the county board without school board "approval" where it was presented prior to an election on consolidation, because the appropriate statute at that time specifically stated that such approval was not required "previous to an election on school district consolidation or reorganization."[3] Language present in that decision

---

[2] L. 1951, c. 31, § 1.

[3] Between 1951 and 1957, approval was only required from consolidated or reorganized districts. Minn. St. 1953, § 122.15. In 1957, independent districts were added. L. 1957, c. 947, art. II, § 1. See, also, Ex. Sess. L. 1959, c. 71, art. III, § 5.

implied that the granting of "approval" by a school board would be based on a decision made with judgment and discretion pursuant to the authorization provided by the statute.

In a case closely similar to this one, Reynolds v. Baker, 209 Ark. 596, 191 S. W. 2d 959 (1946), the Arkansas Supreme Court rejected the landowners' petition to compel the required consent for annexation, and discussed the meaning of "consent" in their statute as follows:

"The effect of the Act is to make the consent of the Pulaski County District a prerequisite to the jurisdiction of the County Board of Education. The consent being absent, the power to act is lacking.

' "Consent" as recognized by the law cannot be the subject of compulsion, but implies an agreement to that which, but for the consent, could not exist, and which the party consenting has a right to forbid, and supposes a physical power to act, a moral power of acting, and a serious, determined and free use of these powers.' [Citations omitted.] Consent is given when we yield that which we have a right to withhold. Under the statute, the directors of the Pulaski County District had the right to withhold their approval of the annexation proposal and, having exercised that right, are not subject to judicial coercion." 209 Ark. 600, 191 S. W. 2d 961.[4]

These words can be applied with similar force and effect to the statute involved here, Minn. St. 122.21, subd. 2(c).

No claim is made by petitioners that the action of the school board in refusing to endorse its consent was arbitrary, capricious, or based on suspect motivations or reasons. As such, no issue is presented as to whether the school board's action under the statute violated due process.

We also must disagree with petitioners when they claim that consent means only acknowledgement of service of a copy of the petition, so that the school board is aware of the county board

_____
[4] See, also, 78 C. J. S., Schools and School Districts, § 40, pp. 715-716.

hearing, where it can voice any objections to the merits of the petition. Were we to construe § 122.21, subd. 2(c), to require an inflexible ministerial act, the school board would be presented with a dilemma. If consent must be endorsed in all cases as a mere clerical procedure and the school board is nonetheless opposed to the detachment, its position before the county board in legitimately opposing the transfer could be questioned on the simple ground that it already consented to it.

Therefore, we hold that the fact that "consent" is required under Minn. St. 122.21, subd. 2(c), allows the school board to make a discretionary choice as to whether to assent to a petition for detachment of land from one school district and attachment to another district. Therefore, the remedy of mandamus does not apply. Electronics Unlimited, Inc. v. Village of Burnsville, 289 Minn. 118, 182 N. W. 2d 679 (1971) ; 11A Dunnell, Dig. (3 ed.) § 5753.

Affirmed, without costs to either party.