## XENOPHON A. SMITH,

*vs,*

## H. S. DENNETT.

Upon appeal from a judgment entered in the district court upon defendant's default, an objection interposed in the supreme court for the first time that the judgment is erroneous because the complaint fails to state facts constituting a cause of action, should not be favored.

If the facts material to support the judgment are alleged in the complaint, or are fairly inferable by any reasonable intendment from what is alleged in the complaint, the judgment should be sustained.

Application of these rules to the facts of this case.

This action was brought in the district court for Hennepin county, and judgment entered by default against defendant. The defendant appeals from such judgment to this court, where the point is raised for the first time that the complaint does not state facts sufficient to constitute a cause of action.

A sufficient statement of the nature of the action, and of the complaint, appear in the opinion of the court.

ALLIS, GILFILLAN & WILLIAMS for Appellant.

The complaint does not state facts sufficient to constitute a cause of action.

On Dec. 22, '54, Wm. F. Russell was owner of the land, and of course had the right to convey either upon a sale or as a gift. If he made a gift of it, that is, conveyed without consideration, his creditors if he had any, might avoid it; but plaintiff is not a creditor, and cannot avail himself of the want of consideration.

The plaintiff, except he can prove actual fraud attempted to be perpetrated by the deed to defendant, and that she was a party to the fraud, got by the series of deeds from Russell, only the same right that Russell might still have after his deed to defendant. Russell could not avoid that deed by proof of want of consideration. The recital of a consideration in the deed, as stated by the complaint, cannot be contradicted in order to defeat the deed. 2 *Phillip's Ev.*, *Note* 490; *Grout vs. Townshend*, 2 *Denio*, 336.

The plaintiff succeeding to Russell cannot defeat it by such proof.

When defendant's rights became vested by virtue of the deed from Russell to her, those rights could not be affected by any subsequent act of Russell, whatever may have been his intent, unless she were a party to such intention. That she had any fraudulent intention, or knew of any such intention on the part of Russell is not alleged. She has acted all through in good faith, she received her deed and had it recorded.

Moreover the complaint does not make, as between plaintiff or Baker, and Russell, a case of fraud that would be ground of relief.

Russell executed a deed to defendant which was recorded. After her deed was recorded, he executed a deed *with full covenants of warranty* to Baker, under whom plaintiff claims. Baker purchased for value. The complaint alleges that Baker relied solely on Russell's representations in regard to title. That Baker was ignorant of defendant's deed is not alleged. What Russell's representations were is not alleged. The presumption is, that he told Baker the truth.

The record of defendant's deed was constructive notice to Baker. He knew of the record, or if he did not *actually*

Smith v. Dennett.

know of it, his ignorance was a consequence of his own "careless indifference to the ordinary and accessible means of information." If he purchased from Russell with actual knowledge of defendant's deed or with actual knowledge of the record of that deed, he and those claiming under him have no remedy except upon the covenants in his deed. If he did not actually know of the record, his ignorance arose from his neglect of the usual precautions taken by ordinarily prudent men in the purchase of real estate. The law will not relieve a party from the consequences of such neglect. *See* 2 *Kent's Com.* 184 (*6th Ed.*)

The successive grantees from Baker could get no better right than he got. Nor is there alleged with respect to any of them, any facts to distinguish their conduct from that of Baker.

E. S. JONES, for Respondent.

The complaint in this action is sufficient to sustain the judgment.

The pretended deed of W. F. Russell to the defendant was fraudulent and void as to subsequent purchasers, for the following reasons, viz :

1st. The complaint shows that there was no consideration of any kind paid by defendant, or by any person for her, for said land, and that the consideration mentioned in said deed was wholly and entirely false; that no good, valuable or any lawful consideration of any kind was ever paid by defendant or received by said Russell in payment for said land. This fact by the demurrer of defendant is admitted.

As to the necessity of a consideration to sustain a sale. *Vide Kent's Com., 4th vol., marginal page* 463. 2d *Hilliard on Real Property, pages* 323, 324 *and* 325. In fact all

authorities agree that a consideraton is necessary to sustain a valid sale.

The complaint shows that said deed was made and exeented "without the knowledge, consent or approval of said defendant : that said defendant Dennet never at any time was seized of, or entered into actual possession of said lots eleven and twelve, or ever has exercised any of the rights of ownership over said lands and premises." These facts are admitted by defendant's demurrer. As to the delivery of a deed by grantor to grantee. *Vide Washburn on Real Property*, 2d vol., marginal pages 577, 578, 580, 581. *Hilliard on Real Property*, 2d vol., 297, 298 and 299, and notes. *Jackson vs. Leek*, 12th Wendell, 107. *Maynard vs. Maynard*, 10th Mass., 455. 10th Barbour, 332. *Jackson vs. Richards*, 6th Cowan, 617. *Parker vs. Hill*, 8th Met. 447. *Jackson vs. Phipps*, 12th John., 418.

The complaint sets forth the fact that the deed from Russell to defendant was wrongful, unlawful and fraudulent, and was made with intent to defraud subsequent bona fide purchasers in good faith. This fact is admitted by the demurrer.

The defendant, as shown by the complaint and the aforesaid testimony, has never had any vested rights in or to the land in question.

The recording of the deed by the grantor did not tend to cover the defects of the deed, viz: want of consideration and delivery, therefore was no notice to Baker or plaintiff, because the deed was void.

The plaintiff cannot show fraud on the part of the defendant in relation to said deed, for the complaint and testimony clearly show that she knew nothing about it.

This is an equitable proceeding and the court will not disturb a verdict or judgment unless gross injustice has been

done to defendant. The judgment in this case is fully sustained by the complaint and the testimony taken on the hearing.

*By the Court*—BERRY, J.—The complaint alleges that on the 4th day of June, 1858, Russell became owner in fee simple and seized of two certain town lots in Minneapolis; that on or about the 1st day of October, 1859, he for a valuable consideration duly made, executed and delivered a deed with full covenants of warranty, whereby he sold and conveyed all his right, title and interest in said lots to Baker, the deed being duly recorded October 3d, 1859. Through sundry subsequent conveyances Baker's right, title and interest in the lots were transferred to the plaintiff. The complaint further alleges that on or about the 22d day of Decembr, 1858, and prior to said conveyance to Baker, "Russell wrongfully, unlawfully and fraudulently, with intent to defraud subsequent *bona fide* purchasers in good faith, granted by deed the aforesaid lands and premises to one H. S. Dennett, which said deed was recorded in the office of register of deeds in and for Hennepin county, State of Minnesota, on the 22d day of April, A. D. 1859, * * * * ; that said deed from said Russell to defendant Dennett, was made and executed without the knowledge, consent, or approval of said defendant, and the consideration therein expressed of one thousand dollars was wholly and entirely false; that no good, valuable or any lawful consideration of any kind was ever paid by defendant or received by said Russell in payment for said grant of land and premises; that said defendant, Dennett, never at any time was seized or ever entered into actual possession of said lots, * * or ever has exercised any of the rights of ownership over said * * premises." The plaintiff also alleges that Baker was a *bona fide* purchaser for a valuable consideration; that he, the

plaintiff, purchased without knowledge of the pretended transfer to the defendant; that he was a *bona fide* purchaser for a valuable consideration, and believed at the time of his purchase that he was acquiring a title in fee simple free from any cloud or defect.

The plaintiff asks for the removal of the cloud cast, as he claims, upon his title by the record of the deed to defendant.

The appeal in this case is taken from a judgment entered upon defendant's default to appear in the court below. The defendant (who appeals) insists that the complaint does not state facts sufficient to constitute a cause of action.

There are obvious reasons why an objection of this kind interposed after judgment for the first time, especially when the judgment has been entered upon default, should not be favored; and these reasons are still stronger when such objection is *first* made upon an *appeal* to this court. *Karns vs. Kunkle*, 2 *Minn.* 316. As was remarked in *McArdle vs. McArdle*, 12 *Minn.* 106, "when the objection is not interposed until after the issue is made up, and the cause called for trial, or until after verdict and judgment, it should not be allowed to prevail, if the proceedings can be sustained by any reasonable intendment." *See also Holmes vs. Campbell*, 12 *Minn.*, 225. Such objection when originally made upon appeal should, we think, be treated with less indulgence than a motion in arrest of judgment, to which it bears some analogy, for the latter is presented in the first instance to the inferior court where the error complained of occurred, and where it may be corrected with comparatively little expense and inconvenience to parties litigant. But a motion in arrest of judgment for insufficiency of a declaration was not allowed where the facts material were alleged or fairly *inferable* from what was alleged. *Addington vs. Allen*, 11 *Wend.* 375—*Gould's Pleading*, 503.

Smith v. Dennett.

It is claimed by the plaintiff that the deed from Russell to the defendant was never *delivered*, and this is also recited (as a fact established) in the judgment appealed from. If the deed has not been delivered, the title to the lots was in Russell at the time when he conveyed to Baker, and Baker having acquired a good title by virtue of such conveyance, the plaintiff who succeeded to Baker's rights is now owner of the lots, and the defendant has never acquired any right therein or title thereto. If this is so, the judgment by which the deed to the defendant is declared void is sufficiently supported by the fact of non delivery, and what is set out in the complaint and recited in the judgment in regard to fraud on the part of Russell is not important to be considered. Then the question is, does the complaint state facts which furnish a sufficient basis for the judgment. The complaint does not expressly allege that the deed was not delivered; but we think that it contains an allegation from which the non delivery of the deed can fairly be inferred. To be sure, it is alleged that Russell *granted* the lots to the defendant by a *deed* which was *recorded*, and that Russell *made* and *executed* said deed; and if the complaint went no farther it is very likely that delivery would be presumed: but it is not only alleged that the deed was made and executed without the knowledge, consent or approval of defendant—which fact might not alone be sufficient to overcome the presumption of delivery—but it is further alleged that the defendant never at any time was *siezed* of said lots. Under our statutes, as under the statutes of most of our sister states, the execution, delivery and recording of a deed operate to pass the grantor's seizin without any other act or ceremony whatever, so that if the grantor has seizin, the grantee becomes seized without an actual entry. *Gen. Stat. Ch.* 40, *Sec.* 1; *Ward vs. Fuller,* 15 *Pick.,* 187; *Green vs.*

*Liter*, 1 *Cranch*, 246; *Bouvier's Law Dic., Title Siezin;* 1 *Washburn on Real Prop.*, 36; 2 *Ib.*, 497, 587. Now it being alleged that prior to the time when the deed to the defendant was executed, Russell was owner in fee simple and seized of the lots in question, and his ownership and seizin being presumed to have continued to exist at the time when the deed to defendant was executed, (*Brimmer vs. Propr's Long Wharf*, 5 *Pick.*, 135; 1 *Washburn Real Prop.*, 35,) and it being further alleged that the deed to defendant was executed and recorded, (from which it is to be inferred that it was acknowledged, *Ward vs. Fuller*, 15 *Pick.* 188,). if the defendant never became *seized* of the lots, the only reason that can be given why she was not seized is that the deed was never delivered. Every fact necessary to confer seizin is alleged, except the fact of delivery, and the conclusion is irresistible that it must be on account of the want of delivery alone that she has failed to acquire seizin.

We are therefore of opinion that it is fairly to be inferred from the allegations of the complaint, that there has never been any delivery of the deed to the defendant, and that the complaint is therefore sufficient to support the judgment.

Judgment affirmed.