CHARLES C. SECOMBE *vs.* KATE A. BORLAND, impleaded, etc.

November 14, 1885.

*Held,* that the findings of fact do not present the question raised here by the appellant.

The St. Paul & Northern Pacific Railway Company having condemned the land in question, plaintiff brought this action in the district court for Hennepin county, against the railway company and the defendant Borland, to determine who is entitled to the compensation awarded in the condemnation proceedings. Both plaintiff and defendant Borland claim title from one Werdick, plaintiff under an execution sale upon a judgment against Werdick, and defendant under a deed from Werdick made subsequent to the docketing of the judgment; the defendant also claimed that the property was Werdick's homestead, and not subject to the judgment lien. The action having been tried before *Lochren, J.,* without a jury, the court found that the property, excepting a portion designated as "lot ten * * * lying between the dwelling-house and out-buildings of said Werdick and the land described in said complaint, in respect to which lot the grantor of said Werdick had only a colorable tax title," was a homestead, as claimed, and ordered judgment for defendant Borland. From this judgment plaintiff appeals.

*D. A. Secombe,* for appellant.

*Eustis & Bowen,* for respondent.

GILFILLAN, C. J. The case turns on the right to hold as a homestead a piece of land sold on execution sale. The piece sold was part of a larger tract occupied as a homestead by the execution debtor, and the whole of which was exempt, if he owned it within the meaning of the homestead law. A part of the larger tract (not the part sold) was designated as "Lot 10." To this the debtor's only claim of title was through an invalid tax sale, while he was owner of the remainder of the tract. The finding of the court below states that this lot 10 lay between the dwelling-house and out-buildings of the debtor and the land sold on execution. The shape of the larger tract,

and the size and shape of lot 10, are not stated in the finding; so we cannot see from it whether the lot divided the remainder of the tract into two parts, and how the fact was the finding does not state. For it may be true that lot 10 lay between the *buildings* and the part sold on execution without entirely severing the tract into two parts, and in that case, even if lot 10 could not be part of the homestead, the remainder of the tract would be. We cannot say, therefore, that, even on appellant's claim of what the law is as to lot 10 being exempt, there was error in holding the part sold on execution to belong to the homestead. It is unnecessary to determine whether the debtor's claim of title to lot 10 was a proper foundation for a claim that the lot was a part of the homestead.

Judgment affirmed.