CARRINGTON PHELPS v. NORTHERN TRUST COMPANY and Another.[1]

December 23, 1897.

Nos. 10,727—(191).

**Rural Homestead—Decision Sustained by Evidence.**

    Evidence *held* to be sufficient to sustain a finding and decision to the effect that the land here in question is the homestead of the plaintiff.

[1] Reported in 73 N. W. 842.

**Same—Platting Into Lots—Sale of Lots—Non-Dedication of Streets.**
The mere fact that the owner of a rural homestead plats it, or any
part thereof, into lots, without dedicating the streets shown on the plat
to the public, does not affect his homestead rights in any part thereof.
Nor does the sale of a part of such lots affect such rights in any part of
the original tract remaining unsold, provided the contiguity of what re-
mains is preserved.

Action in the district court for Hennepin county to set aside a
levy made upon certain real estate under an execution issued out
of the same court upon two judgments of $1,373.13 and $1,384.87,
respectively, against the plaintiff in this action, and to enjoin de-
fendant company and its receiver from making any levy upon said
real estate and from selling the same, and for a decree that said
judgments are not a lien upon the premises.  The findings of the
court, Elliott, J., are stated in the opinion.  From an order denying
defendants' motion for a new trial, they appealed.  Affirmed.

Upon the plat mentioned in the opinion, in the certificate of the
proprietors, was the following:

"The avenues, streets, alleys, parks and wharves shown on said
plat (excepting the county road so designated) are not intended for
public use or dedicated for public purposes, or to be subject to
public or municipal control, but are intended for private use and
enjoyment, and are and shall remain the sole and exclusive property
of said proprietors, their heirs and assigns, and be controlled, im-
proved, graded and maintained and regulated by them for their
own benefit and the common use and enjoyment of the owners of
said lots, their heirs and assigns, forever."

*Carman N. Smith*, for appellants.

*Flandrau, Squires & Cutcheon*, for respondent.

The homestead was established on the land from May, 1890, to
the date of the trial.  Barton v. Drake, 21 Minn. 299;  Wilson v.
Proctor, 28 Minn. 13.  Occupancy by tenant is equivalent to per-
sonal occupancy by claimant.  Derickson v. Gilespie (Ky.) 32 S. W.
1084.  Leaving the homestead without a fixed intention to reside
elsewhere is not an abandonment so long as the intention remains
conditional.  Imhoff v. Lipe, 162 Ill. 282.  See Corey v. Schuster,
44 Neb. 269;  Stewart v. Rhoades, 39 Minn. 193;  Holmes v. Book, 1
Ohio N. P. 58;  Aultman v. Allen, 12 Tex. Civ. App. 227.  An aban-

donment of a homestead must combine the elements of an actual removal from it, with the intent of not returning. Williams v. Moody, 35 Minn. 280. Walters v. People, 21 Ill. 178; Titman v. Moore, 43 Ill. 169; Cipperly v. Rhodes, 53 Ill. 346; Kitchell v. Burgwin, 21 Ill. 40; Potts v. Davenport, 79 Ill. 459. A homestead may be held in an undivided interest in land. Kaser v. Haas, 27 Minn. 406. Also in a leasehold estate. In re Emerson, 58 Minn. 450, 453. A homesteader may sell his homestead discharged of all debts against him, and the purchaser takes it free and clear. Baldwin v. Rogers, 28 Minn. 544.

START, C. J.

This action was brought to remove a cloud on the plaintiff's title to the land described in the complaint, the plaintiff alleging that the whole thereof is and has been his homestead from a date prior to the docketing of two certain judgments in favor of the defendant and against the plaintiff. A part of the land was platted by the plaintiff into lots as hereinafter stated, and the defendant levied upon 57 of the lots by virtue of one of the judgments, and thereupon the plaintiff brought this action. The defendant denied that the part of the lots levied upon were any part of plaintiff's homestead.

The trial court found, among other matters, that the plaintiff at all times stated in the complaint was the owner of the 80 acres of land therein described, and resided thereon with his family, and made the same his home, and that no part thereof was ever included within the laid-out or platted portion of any incorporated town, city or village; and, as a conclusion of law, that neither of the judgments was a lien on such land or any part thereof, and directed judgment accordingly. The defendants appealed from an order denying their motion for a new trial.

1. The first assignment of error is to the effect that the court's finding that the plaintiff resided upon the land during all the times stated as his home is not justified by the evidence. Our conclusion, based upon an examination of the record, is that the finding is sustained by the evidence.

2. The second and only other question raised by the remaining assignments of error is whether the plaintiff, by platting a part of

*EXHIBIT* A

his land into lots and selling several of them, thereby separated the lots levied upon from that part of the 80 acres which he occupied as his homestead, so that they were thereafter no longer contiguous to, or a part of, such homestead. The tract in question is an irregular-shaped parcel of land,—a part of a peninsula in Lake Minnetonka, with water on two sides of it. The plaintiff platted a row of lots along the water front on each side as shown in plaintiff's Exhibit A, and caused the plat to be filed in the office of the register of deeds of Hennepin county.

The lots were numbered on the longest water side of the. tract from 1 to 72, inclusive, and on the other from 74 to 100 inclusive. The site of his dwelling house and farmery fell within the limits of lots 7 and 8. The plaintiff sold lots 11 and 12, 14 and 15, 33 and 34, to third parties, before the levy was made. The defendant levied upon the 57 lots remaining unsold in the longest row, commencing with lot 13, claiming that by the sale of lots 11 and 12 the plaintiff had severed the 57 lots from his homestead, and thereafter they were not exempt as a part thereof. This claim involves a question of fact, rather than of law.

The word "lot," as used in our homestead law (G. S. 1894, § 5521), means a city, town or village lot, according to the plat thereof, and has no application to a rural homestead; that is, one wholly without the limits of any incorporated city, town or village. Wilson v. Proctor, 28 Minn. 14, 8 N. W. 830. Hence the mere fact that the owner of a rural homestead of 80 acres, or less, plats it, or any part thereof, without dedicating to the public any of the streets shown on the plat, does not reduce the area of his homestead. And it is conceded by the defendant in this case "that the mere platting of a part of plaintiff's homestead into lots, if he retained the ownership of them, would not prevent his claiming a homestead in all of the lots." The sole question is, then, whether in fact the 57 lots are still a part of the original tract of 80 acres.

The plat was so arranged that on the end of each and all of the lots there was a street connecting them all together, so that the sale of one or more lots out of the row would not break the contiguity of the remaining lots, if the street remained the property of and subject to the control of the plaintiff, for by following the

street, or by crossing it and going upon the unplatted part of his homestead, he could go from his dwelling house to every lot in the row remaining unsold, without leaving his own land. There was no dedication of any of the streets indicated on the plat in question, but, on the contrary, the plat bears upon its face the declaration that the streets, alleys, parks and wharves shown on the plat are not intended for public use or dedicated for public purposes or to be subject to public control, but are intended for private use, and shall remain the sole and exclusive property of the proprietors.

It follows, from the fact that the street along the end of the lots remained the absolute property of the plaintiff, that, unless his title to that part of the private street upon which the lots sold abut passed by his deeds to his grantees, the contiguity of the lots remaining unsold was not broken. An examination of the reservations in such deeds shows that no title in or to any part of the street passed to the grantees, but simply a right of way appurtenant to such lots for ingress and egress to and from them. Therefore the contiguity of the lots levied upon and the balance of the original homestead remaining unsold was not broken. The lots remained a part of the homestead and the defendant's judgments are not a lien on any of them.

The fact that the sale of the lots left the homestead in a grotesque shape is not material, for this is not a case of the selection of a homestead out of a larger tract. See First National v. How, 61 Minn. 238, 63 N. W. 632.

We have based our conclusion upon the fact that the streets shown on the plat were private ways, but we are not to be understood as holding that, if the plat had dedicated the streets to the public without limitation, the homestead being wholly outside of any municipality, our conclusion would be otherwise. We suggest no opinion on the question.

Order affirmed.