A. BRIXIUS v. NICHOLAS REIMRINGER and Another.[1]

June 14, 1907.

Nos. 15,233—(154).

**Homestead.**

> Two separate ten-acre parcels of land, touching only at the corners, between which is a regular roadway, if owned, occupied, and cultivated as one farm, may constitute a homestead, although the residence and appurtenances are all located upon one tract.

Action in the district court for Ramsey county to recover possession of certain real estate. The case was tried before Kelly, J., who found in favor of defendants. From orders denying motions for amending the findings of fact and the conclusions of law and for a new trial, plaintiff appealed. Affirmed.

*F. H. Lindsley* and *Thomas Kneeland,* for appellant.

*Peter J. Healy* and *John B. Olivier,* for respondents.

LEWIS, J.

For many years respondents owned and occupied a ten-acre tract of land, upon which was located the residence and necessary buildings, and also owned and farmed, in connection therewith, another ten-acre tract upon which were no buildings. The two pieces touched only at the corner. Appellant succeeded to a judgment against respondents, under which he sold the tract not occupied by buildings, and brought this action in ejectment to recover possession thereof. The trial court found for respondents upon the ground that the land was exempt from the judgment lien, for the reason that it was a part of respondents' homestead. The court found, from the evidence, that ever since 1899 respondents occupied and claimed the twenty acres as their homestead; that they passed and repassed from the one piece of land to the other on a farm road, which for eight years they had constantly used for domestic and farming purposes, and during all of such time occupied and cultivated the entire twenty acres as their homestead.

[1]Reported in 112 N. W. 273.

In the case of Kresin v. Mau, 15 Minn. 87 (116), this court held that two tracts of land merely touching at a corner did not constitute one body or tract of land, and therefore the tract on which the buildings were not located did not constitute a part of the homestead. If in that case it had been made to appear that the two tracts were used and cultivated as one farm, and that there was a regular passageway, or road, connecting the property, we doubt whether the court would have so held. The constitutional provision is: "A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law." It was held in an early case—Cogel v. Mickow, 11 Minn. 354 (475)—that the amount of property constituting the exemption could be measured by its area as well as by its cash value, and that the homestead act was constitutional.

The language of that act, viz.: " * * * Consisting of any quantity of land not exceeding eighty acres, and the dwelling house thereon, and its appurtenances * * * "—does not necessarily imply that the quantity of land may not consist of two or more separate descriptions, or tracts, of land, provided the same are so situated that they may be occupied and cultivated as one body of land. The words "amount of property" and "quantity of land," employed in the constitution and in the act, respectively, do not necessarily mean one parcel or compact body of land. These provisions should not be strictly construed. It may not always be possible to acquire a sufficient amount of land to meet such strict requirements. The different parcels should be so connected that they can be used as one tract. Phelps v. Northern Trust Co., 70 Minn. 546, 73 N. W. 842. It is not material whether respondents acquired a legal highway between the two parcels. The essential thing to constitute a quantity of land within the homestead law is that it shall be occupied and cultivated as one piece or parcel of land, on some part of which is located the residence. This object is accomplished when two parcels touch at the corners, provided the essential conditions to constitute a homestead exist. In Linn v. Hopkins, 47 Kan. 580, 28 Pac. 606, 27 Am. St. 309, Kresin v. Mau was cited; but in the Kansas case it does not appear whether or not the two tracts were connected by a roadway and occupied and cultivated as one farm. In Clements v. Crawford, 64 Ark. 7, 40 S. W. 132, 62

Am. St. 149, the statute provided that the homestead, outside any city, etc., should consist of not exceeding one hundred sixty acres of land, with improvements thereon; and the court held: "Where two parcels of land corner with each other, they are contiguous, they touch; and there can be nothing unreasonable or unjust in allowing the two pieces to be selected and claimed as a homestead, where they constitute all the land the claimant owns and do not exceed the legal area and value." In Slaughter v. Karn, 23 S. W. 791, 15 Ky. L. R. 429, the court of appeals held that where a debtor, owning eighty four acres of land, exchanged twenty acres for a smaller tract on which there was a house, and moved into it, his residence lot and the remaining sixty four acres, connected by a passway one hundred and fifty yards long, constituted one tract within the meaning of the homestead law.

Affirmed.