**Sylvester J. HOMMERDING, et al., Appellants,**

v.

**TRAVELERS INSURANCE COMPANY, Respondent.**

**No. C8–86–762.**

Court of Appeals of Minnesota.

Sept. 23, 1986.

James A. Beitz, Valerie K. Werness, Hagerty & Candell, Minneapolis, for appellants.

John Remington Graham, Brainerd, for respondent.

Heard, considered, and decided by LESLIE, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

WOZNIAK, Judge.

Appellants Sylvester and Marion Hommerding began a suit in district court to set aside the mortgage foreclosure instituted by respondent Travelers Insurance Company based on insufficient notice. The trial court granted Travelers' summary judgment. We affirm.

## FACTS

The Hommerdings owned and farmed about 615 acres of land in Stearns County, and also owned residential property in the township of Wakefield. On June 11, 1976, Travelers loaned the Hommerdings $330,-000 for agricultural needs, secured by a first mortgage on the Hommerdings' agricultural property. On October 27, 1981, Travelers loaned the Hommerdings an additional $285,000, secured by a second mort-

gage on the Hommerdings' agricultural property.

Soon after the second agricultural loan, the Hommerdings defaulted on the notes. On September 21, 1982, the Hommerdings filed Chapter 11 bankruptcy proceedings in United States Bankruptcy Court, District of Minnesota, which automatically stayed any action to create or enforce any lien against the Hommerdings' property. On March 6, 1984, the bankruptcy court filed an order lifting that stay.

On March 8, 1984, Travelers commenced foreclosure by advertisement under Minn. Stat. ch. 580 (1982 and Supp.1983). In accordance with Minn.Stat. § 580.03, Travelers published the notice of mortgage foreclosure, and notified the Hommerdings and occupants of the foreclosed property of the foreclosure. The foreclosure sale was held on May 4, 1984, and Travelers bid on both mortgages.

On October 4, 1984, the Hommerdings commenced suit in Stearns County District Court alleging that Travelers failed to notify them they had 60 days from the date foreclosure notice was mailed in which to cure the default under Minn.Stat. § 47.20, subd. 15 (Supp.1983).

Respondents claimed that the notice of right to cure default was necessary only when homestead property was being foreclosed and that the Hommerdings were not homesteading the foreclosed property. Travelers relied on the affidavit of Donald Ramler, the appraiser for Stearns County, who stated that the Hommerdings homesteaded the residential property located in Wakefield Township from May 24, 1983 through May 4, 1984. Ramler further stated that the Hommerdings' agricultural property, which secured Travelers' first and second mortgages, was not classified as homestead property during that period. The sheriff's affidavits of service of notice of foreclosure indicate that the Hommerdings did not reside in the foreclosed property, but resided in the Wakefield residential property. The sheriff's affidavits further indicate that he served Mike and Lori Hommerding, appellants' son and daughter-in-

law, who resided on the agricultural property.

The trial court granted Travelers' motion for summary judgment based on the affidavit of Donald Ramler and found the requirements of Minn.Stat. § 47.20 inapplicable to the foreclosed property. The Hommerdings appeal from the grant of summary judgment.

## ISSUE

Should Travelers' notice of foreclosure have complied with Minn.Stat. § 47.20, subd. 15, which requires notice to the borrower of a 60–day period to cure default?

## ANALYSIS

■ Minn.Stat. § 47.20, as amended in 1983 and applicable to this action, provided:

Subd. 15. Notwithstanding the provisions of any other law to the contrary, any notice of default *on homestead property* as defined in section 583.02, mailed after May 24, 1983 and prior to May 1, 1984, *shall indicate that the borrower has 60 days from the date the notice is mailed in which to cure the default.*

1983 Minn. Laws ch. 215 § 1 (current version at Minn.Stat. § 47.20, subd. 15 (Supp. 1985)) (emphasis added).

Chapter 215 defined "homestead" as "residential or agricultural real estate, a portion or all of which is entitled to receive homestead credit under section 273.13, subdivision 15a." 1983 Minn. Laws ch. 215 § 5 (current version at Minn.Stat. § 583.02 (Supp.1985)). Section 273.13, subdivision 15a explains the process by which homestead credit is given. Minn.Stat. § 273.13, subd. 15a (1982).

■ Under these statutes, the Hommerdings were not entitled to notice of a 60–day period to cure default. First, the Hommerdings were not receiving a homestead credit on the foreclosed property from the time the foreclosure action was commenced until the sheriff's sale. The Stearns County appraiser's statement that the foreclosed

property was not classified as homestead during that period was undisputed.

Second, the Hommerdings were not entitled to receive homestead credit on the foreclosed property during that period. The Hommerdings' agricultural property does not qualify as an exempt homestead. Minn.Stat. § 510.01 (1982) defines an exempt homestead as "[t]he house owned and occupied by a debtor as his dwelling place, together with the land upon which ·it is situated." The Hommerdings do not dispute that they did not occupy or reside in the foreclosed property. The legislature's use of "the house" in the singular indicates that a debtor may claim only one homestead.

Under the clear wording of the notice and homestead exemption statutes, the Hommerdings' foreclosed property was not homestead property and was not entitled to the special notice provisions afforded to owners of homestead property under Minn. Stat. § 47.20, subd. 15 (Supp.1983).

## DECISION

The trial court properly granted summary judgment in favor of Travelers.

Affirmed.