**In re Ernest Lee PRIEBE aka Ernie Priebe and JoAnn NMN Priebe, aka Jo Priebe, individually and d/b/a Farmers, Debtors.**

**Bankruptcy No. 3–86–1287.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Jan. 20, 1987.

---

**2.** In this case, the debtor has not presented any convincing evidence that adequate protection

exists in this situation.

Cyril Bernardy, Worthington, Minn., for debtor.

Charles Ries, Mankato, Minn., for trustee.

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter is before the Court on the trustee's objection to certain exemptions claimed by the Debtors. Cyril J. Bernardy represents the Debtors; and Charles W. Ries, trustee, represents himself. Based upon memoranda of counsel, and upon all the records and files herein, the Court being fully advised in the matter now makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

**I.**

The Debtors are farmers who filed for relief under 11 U.S.C. Chapter 7 on May 5, 1986. In their original Schedule B–4, they claimed 80 acres of farm land exempt under the homestead exemptions provided by MINN.STAT. §§ 510.01 and 510.02. Subsequently, on August 28, 1986, the Debtors filed an Amended Schedule B–4 wherein they now claim a total of 160 acres farm land exempt under the same statutory provisions.

The trustee filed his notice of objection on September 24, 1986, based on the undisputed fact that the additional 80 acres claimed are not contiguous to the 80 acres upon which the homesite and farm buildings are located, and which were originally claimed exempt in the Schedule B–4 filed with the petition. The two 80–acre parcels are separated by approximately three miles.

No significant facts are disputed, and the matter was submitted on briefs without testimony. The legal issue is whether Minnesota law requires 160 acres of rural land to be a contiguous part of a homesite to qualify as exempt property.

**II.**

MINN.STAT. § 510.01 defines a homestead as:

The house owned and occupied by a debtor as his dwelling place, *together with the land upon which it is situated* to the amount hereinafter limited and defined, shall constitute the homestead of such debtor and his family, and be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or for services performed by laborers or servants. (emphasis added)

The geographical limitation is found in MINN.STAT. § 510.02 which provides:

The homestead may include any quantity of land not exceeding 160 acres, and not included in the laid out or platted portion of any city. If it be within the laid out or platted portion of such place its area shall not exceed one half of an acre.

Although legislative history is hard to find, few would doubt that § 510.02 has always been intended to provide homestead protection for Minnesota's family farmers. The current provision for 160 acres is the

result of an amendment made in 1986 as part of an omnibus farm bill intended to provide extraordinary relief to distressed farmers.[1]

The term "contiguous" is not found in the statutes defining and limiting rural homestead entitlement, but has been used as a qualifying requirement by the Minnesota Supreme Court in dealing with homestead issues. It first appeared in cases reported in the late 1800s and has been seldom used in the 20th century. *See: Secombe v. Borland,* 34 Minn. 258, 25 N.W. 452 (1885); *Kresin v. Mau,* 15 Minn. 116 (Gil. 87); *Phelps v. Northern Trust Co.,* 73 N.W. 842 (1897); and *Brixius v. Reimringer,* 101 Minn. 347, 112 N.W. 273 (1907). The furthest deviation by the Supreme Court from the literal application of the term was in *Brixius, supra,* where the Court ruled that the requirement was met under circumstances where two parcels would have touched one another on their corners, but for a public highway.

Undoubtedly, the Debtors amended their Schedule B–4 and claimed the noncontiguous 80 acres involved here in response to this Court's ruling from the Bench during the Summer of 1986 in another farm case involving the same issue.[2]

At the turn of the century, limitation of exempt farm homestead property to lands upon which the homesite was situated was a reasonable one. Even then, however, the purpose of allowing an exemption for 80 acres of rural land was to protect a livelihood, not to support a dwelling place. But the statute worked well due to the relatively simple state of the art of farming.

In 1900, a farmer would likely have had difficulty farming a full 80 acres surrounding his dwelling. Sophisticated equipment and machinery did not exist; nor did adequate cartways, much less substantial county roads and highways. To farm acreage separated from the dwelling site by even a few miles must have been extremely impractical if not impossible. Thus, in the late 1800s and early 1900s, the statutory limitation on location of rural acreage necessary to qualify for homestead protection, was consistent with the state of the art of farming, and was reasonably related to the statutory purpose of protecting the family farmer way of life.

But that was then and this is now. Family farming has undergone a dramatic evolution since 1900. Sophisticated machinery and equipment; modern technology; expansion of markets; and a host of other factors born of general economic, political and social evolution have combined to make modern family farming a high-tech business that, in many cases, involves capital valued in excess of one million dollars and debt structures in like amounts.

Not only can family farmers today easily farm 80 acres, but the state of the industry enables, and perhaps requires for survival, farmers to farm many more acres. The Minnesota legislature recognized this obvious fact by increasing rural exempt homestead acreage from 80 to 160 acres in 1986.

█ The statutory limitation that the acreage must consist of land upon which the dwelling is situated in order to qualify for the homestead exemption, seems to bear little present reasonable relationship to the legislative purpose of protecting the

---

1. *See* 1986 Minnesota Laws, Chapter 398.

2. That case was *John E. and Virginia A. Thon,* BKY 3–86–786. The Court's findings and reasoning were stated in open Court at the hearing on the trustee's objection. No written opinion was filed or entered supporting the Order and the Order itself was not published. Nevertheless, apparently word of the Order spread quickly and it resulted in considerable controversy. For reasons hereinafter discussed, the Court now concludes that its decision in *Thon* was

wrong. The Court in *Thon* held that Minnesota farm land need not be contiguous to the homesite in order to qualify for the rural homestead exemption under Minnesota law. In that case, the Court found that a 60–acre tract qualified for the exemption even though it was separated by a distance of approximately two miles from property contiguous to the homesite, where it was shown that the noncontiguous property was part of a single, integrated family farm operation.

livelihood of family farming. With modern farming equipment farmers can and do economically farm large tracts of land separated from the homesite by miles. Furthermore, while most farmers probably qualified for the full contiguous 80–acre homestead protection, presumably large numbers cannot qualify for the full 160 acres with the same contiguous limitation.[3] If the assumption is true, a large group of the class that the statute is intended to protect are arbitrarily excluded from that protection.

Yet, as the trustee properly argues, the statute is clear, and the matter is the proper subject for the legislature, not the Courts. The Minnesota Supreme Court's use of the term "contiguous" in the early cases was merely a recognition of the statutory requirement that exempt homestead acreage be restricted to lands upon which the dwelling is situated. If the requirement be arbitrary in the 1980s, it is for the legislature to redefine the rural homestead, based upon the legislative process of public hearing, debate, and other public participation to achieve a homestead classification consistent with proper legislative purpose.

It is not for the Courts to define the rural homestead and thereby fashion the Minnesota rural homestead exemption entitlement. To allow the Debtors' claim of exemption entitlement to stand for the non-contiguous 80 acres in this case would be to engage in legislation by judicial decree.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The trustee's objection to the Debtors' claimed entitlement to 160 acres of rural farm land as exempt homestead is hereby sustained.

2. The Debtors are limited in homestead exemption to their dwelling and the surrounding contiguous land, not to exceed 160 acres.

**3.** There is no information in the record on this.