David MICHELS, Appellant,

v.

Lucy KOZITZA, et al., Respondents,

James Kollmann, as Nicollet County Sheriff, Respondent.

No. C6–99–1411.

Court of Appeals of Minnesota.

May 16, 2000.

Lawrence H. Crosby, Jay ,D. Olson, Crosby & Associates, St. Paul, MN (for appellant).

· Karl O. Friedrichs, Friedrichs Law Office, Mankato, MN (for respondents Lucy Kozitza, et al.).

Michael K. Riley, Sr., Nicollet County Attorney, Daniel D. Derner, Assistant County Attorney, St. Peter, MN (for respondent James Kollmann).

Considered and decided by RANDALL, Presiding Judge, AMUNDSON, Judge, and FOLEY, Judge.*

## OPINION

RANDALL, Judge.

Appellant challenges a district court order denying his motion for an injunction barring a sheriff's execution sale of appellant's real property. Appellant asserts that the district court erroneously interpreted the homestead exemption when it concluded that a parcel of his land that is noncontiguous with the parcel on which his home is situated is not covered by the exemption. He also alleges that res judicata and collateral estoppel barred respondent creditors from asserting that the exemption does not apply in this case. We affirm.

## FACTS

Appellant David Michels and his brother previously co-owned a 40–acre parcel of land, which they stipulated to partitioning in 1998. Michels received the southern 20 acres of the property, and his brother received the northern 20 acres. On April 30, 1999, respondent James Kollman, the Nicollet County Sheriff, levied and attached the 20 acres owned by Michels in satisfaction of a judgment owed to respondents Lucy Kozitza and the Kozitza Family Partnership (the Kozitzas). The execution sale was scheduled for July 15, 1999.

Michels moved for an injunction to stop the sale, contending that his 20 acres was subject to the homestead exemption. The district court denied Michels's motion. In rejecting the motion, the district court examined precedent indicating that Michels was not entitled to the homestead exemption for his 20 acres because his residence is not situated on land that is contiguous with this acreage. The district court determined that Michels was unlikely to succeed on the merits of his argument.

## ISSUES

1. Does the homestead exemption protect noncontiguous parcels of property that are homesteaded for property tax purposes?

2. Does collateral estoppel preclude respondents from asserting that appellant's property is not subject to the homestead exemption?

## ANALYSIS

The district court has discretion in deciding whether to grant a temporary injunction and will not be reversed on appeal absent a clear abuse of its discretion. *Carl Bolander & Sons Co. v. City of Minneapolis*, 502 N.W.2d 203, 209 (Minn.1993). To determine whether injunctive relief should be granted, the court must consider the following factors:

> (1) the nature of the relationship between the parties before the dispute; (2) the likelihood that the moving party will prevail on the merits; (3) the moving party's harm if the injunction is denied compared to harm to the nonmoving party if injunction is granted; (4) public policy considerations triggered by the fact situation; and (5) administrative burdens to supervise or enforce the injunction.

*Eason v. Independent Sch. Dist. No. 11*, 598 N.W.2d 414, 417 (Minn.App.1999) (citing *Dahlberg Bros., Inc. v. Ford Motor Co.*, 272 Minn. 264, 274–75, 137 N.W.2d 314, 321–22 (1965)).

The district court concluded that while the public-policy considerations weigh in favor of protecting a debtor's homestead, Michels was unlikely to succeed on the merits. The district court further determined that the other factors were "relatively neutral." Michels's arguments on

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

appeal relate only to the merits of his argument. Thus, we will consider only whether the district court erroneously determined that Michels is unlikely to succeed on the merits of his argument and thereby abused its discretion by refusing to grant an injunction. *See Sanborn Mfg. Co. v. Currie*, 500 N.W.2d 161, 165 (Minn. App.1993) (stating prospect for balancing considerations does not exist where plaintiff has shown no likelihood that it will win its case); *State by Drabik v. Martz*, 451 N.W.2d 893, 895 (Minn.App.1990) (stating where appellant argues merits of case, appellate court limited "to determining whether the preliminary injunction and bond were proper"), *review denied* (Minn. Apr. 25, 1990); *see also Sa–Ag, Inc. v. Minnesota Dep't of Transp.*, 447 N.W.2d 1, 4 (Minn.App.1989) ("Although the granting of a temporary injunction requires consideration of five factors, the parties agree that the deciding factor is the likelihood of prevailing on the merits, i.e., whether or not the addendum constitutes a rule, which is a purely legal question.").

## I. Statutory Construction

Michels asserts that the district court erred in its interpretation of the statute granting the homestead exemption.

■■■ Statutory construction is a legal question reviewed de novo on appeal. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990). If a statute is unambiguous, its plain meaning is applied. *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn.1996); *see also* Minn.Stat. § 645.16 (1998) ("When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.").

The statute at issue is the homestead exemption, which states:

The house owned and occupied by a debtor as the debtor's dwelling place, together with the land upon which it is situated to the amount of area and value hereinafter limited and defined, shall constitute the homestead of such debtor and the debtor's family, and be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing * * *.

Minn.Stat. § 510.01 (1998); *see also* Minn. Const. art. I, § 12 (providing "reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability"). The homestead may include up to 160 acres outside of any city. Minn. Stat. § 510.02 (1998).

Michels asserts that the homestead exemption should be construed to apply to noncontiguous land that is homesteaded for property tax purposes. *See* Minn.Stat. § 273.124, subd. 14 (Supp.1999) (permitting owner of certain noncontiguous parcels located within four townships and/or cities of owner's home to classify such property as agricultural homestead for property tax purposes). He contends that the district court's determination that the homestead exemption does not apply to 20 acres of his property that is noncontiguous with the land on which his home is situated "is outdated and does not square with the present realities of the modern farmer."

■■■ There have been no Minnesota appellate decisions considering this issue for over 90 years. In 1907, the Minnesota Supreme Court held that two parcels of land that *touched,* although only at a corner, and were occupied and cultivated as one homestead, qualified for the homestead exemption, despite the fact that the residence and other buildings stood on only one of the parcels. *Brixius v. Reimringer,* 101 Minn. 347, 348, 112 N.W. 273, 273–74 (1907).[1] The fact that the two parcels were contiguous, meaning joined at some point, was the essential fact. The

1. The supreme court was interpreting a predecessor to the current homestead exemption, which exempted "any quantity of land not

exceeding eighty acres, and the dwelling house thereon, and its appurtenances." *Brixius,* 101 Minn. at 348, 112 N.W. at 273.

court observed that the parcels "should be so connected that they can be used as one tract" and stated:

> The essential thing to constitute a quantity of land within the homestead law is that it shall be occupied and cultivated as one piece or parcel of land, on some part of which is located the residence.

*Id.* at 348, 112 N.W. at 273 (citation omitted); *cf. Hommerding v. Travelers Ins. Co.*, 393 N.W.2d 389, 391 (Minn.App.1986) (recognizing in dicta that agricultural property does not qualify for homestead exemption if parties' home is not situated on property). No Minnesota appellate decision has held that the homestead exemption applies to noncontiguous parcels of land.

A federal bankruptcy court recently addressed an issue similar to the issue in this case. In *In re Priebe*, 69 B.R. 100, 101 (1987), farmers who lived in a home on 80 acres attempted to claim an additional, noncontiguous 80–acre parcel as part of their homestead exemption. The bankruptcy court recognized that the nature of farming has changed such that farmers can economically farm tracts of land noncontiguous to the homestead. *Id.* at 102. The court additionally noted that because only contiguous land qualifies for the exemption, "a large group of the class that the statute is intended to protect are arbitrarily excluded from that protection." *Id.* at 103. After recognizing this fact, however, the court went on to state that "the statute is clear, and the matter is the proper subject for the legislature, not the Courts." *Id.* The court further observed:

> It is not for the Courts to define the rural homestead and thereby fashion the Minnesota rural homestead exemption entitlement. To allow the Debtors' claim of exemption entitlement to stand for the noncontiguous 80 acres in this case would be to engage in legislation by judicial decree.

*Id.*

■ Like the bankruptcy court's observations in *Priebe*, we conclude that Michels

has a valid point when he asserts that by precluding the application of the homestead exemption to noncontiguous parcels, certain farmers are at a disadvantage. However, the language of the statute is unambiguous.[2] *See State ex rel. Coduti v. Hauser*, 219 Minn. 297, 303, 17 N.W.2d 504, 507–08 (1945) (observing legislature may ignore logic and perpetrate injustice as long as it does not violate constitution; absent ambiguity, remedy must be by amendment and not construction). The exemption specifically states that the home is exempt *"together with the land upon which it is situated."* Minn.Stat. § 510.01 (emphasis added).

■ Michels concedes that the 20 acres in dispute is noncontiguous with the land on which his home is situated. Thus, we are compelled to conclude that although he may be able to "homestead" the property for property tax purposes under Minn. Stat. § 273.124, subd. 14, the homestead exemption from judgments and foreclosures does not apply to noncontiguous property. The plain language of the statute precludes the application of the homestead exemption to Michels's 20 acres. The district court properly interpreted the statute. Michels's commonsense argument is suited for presentation to the legislature, but we cannot change the statute by judicial fiat.

## II. Res Judicata/Collateral Estoppel

Michels also contends that because the Kozitzas asserted in the 1998 partition action that the homestead exemption did not apply to the 20 acres at issue, they should have been precluded by res judicata and collateral estoppel from making that same argument in response to Michels's motion for an injunction.

■ Whether res judicata applies is a question of law reviewed de novo on appeal. *Hennepin County v. Hanneman,*

---

**2.** Michels does not assert that the statute is    unconstitutional.

472 N.W.2d 149, 152 (Minn.App.1991), *review denied* (Minn. Aug. 29, 1991). Collateral estoppel, or issue preclusion, is one of two forms of res judicata. *Hauser v. Mealey*, 263 N.W.2d 803, 806 (Minn.1978).[3] Collateral estoppel applies when:

> "(1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue."

*Willems v. Commissioner of Pub. Safety*, 333 N.W.2d 619, 621 (Minn.1983) (quoting *Victory Highway Village, Inc. v. Weaver*, 480 F.Supp. 71, 74 (D.Minn.1979)). Collateral estoppel "operates only as to matters actually litigated, determined by, and essential to a previous judgment." *Roseberg v. Steen*, 363 N.W.2d 102, 105 (Minn.App. 1985).

Michels's brother brought the partition action in 1998, and Michels and the Kozitzas, as lienholders of Michels, were joined as defendants. The Kozitzas objected to the partition and asserted, in part, that the entire 40–acre parcel should be sold and the proceeds used to pay the lienholders. The Kozitzas argued that although Michels raised a homestead-exemption claim, the exemption applies only to land contiguous to a homestead. The district court partitioned the property subject to a stipulation between Michels and his brother, denied the Kozitzas' request that all 40 acres be sold, and stated that any liens against Michels would be limited to the southern 20 acres of the property. The district court did not address the homestead-exemption issue.

Respondents do not dispute that the Kozitzas raised the homestead-exemption issue in the partition action, but assert that the district court did not resolve the issue in that action. In denying Michels's motion for an injunction, the district court in this case agreed with respondents and stated that the partition judgment entered in 1998 did not address the homestead-exemption issue.

Because the district court (a) did not address the homestead-exemption issue in the partition action and (b) recognized in this action that the court did not address the homestead-exemption issue in the partition action, there was not a final judgment on the merits of this issue. Thus, collateral estoppel did not bar respondents from asserting the inapplicability of the homestead exemption in response to Michels's motion for an injunction.

## DECISION

The statute defining the homestead exemption is unambiguous. It does not include land that is noncontiguous to the land on which the home is situated, even if that land is classified as homestead for property tax purposes. Because the district court did not resolve the merits of this issue in the partition-action proceedings, collateral estoppel did not bar respondents from asserting the inapplicability of the homestead exemption in this action. The district court's finding that Michels is unlikely to succeed on the merits of his argument was proper. The district court did not abuse its discretion by refusing to grant Michels's motion for an injunction barring the sheriff's sale of his property.

**Affirmed.**

---

3. Michels is seemingly not asserting claim preclusion, which is the other form of res judicata. *See In re the Matter of Trusts by*

*Hormel*, 543 N.W.2d 668, 671 (Minn.App. 1996) (describing claim preclusion).