In re the ESTATE OF Norma
Jean BONDE, Decedent.

No. A04–784.

Court of Appeals of Minnesota.

March 29, 2005.

Debra J. Klatt, Stephen H. Munstenteiger Law, Anoka, MN, for appellant Allan Bonde.

David K. Nightingale, Bernick and Lifson, P.A., Minneapolis, MN, for respondent Lori Bogren.

Considered and decided by RANDALL, Presiding Judge; MINGE, Judge; and WRIGHT, Judge.

## OPINION

MINGE, Judge.

Appellant challenges the district court's order relying on the property tax definition of homestead to classify decedent's Coon Rapids property as a homestead. We reverse.

## FACTS

Decedent Norma Bonde died intestate on August 3, 2002. Her husband, Allan Bonde, and decedent's two children from her first marriage survived her. Allan Bonde is the appellant in this case; the respondent is decedent's daughter, Lori Bogren. Decedent and her first husband owned and resided in a home in Coon Rapids. At the time of her marriage to appellant in 1978, decedent was the fee owner of the Coon Rapids property and was living there with her two children. After their marriage, decedent moved into appellant's residence in East Bethel, Minnesota. She moved some of her furniture to the East Bethel property and left some at the Coon Rapids property. Until 1981, no one occupied the property in Coon Rapids. In 1981, decedent's son moved into the Coon Rapids residence and resided there until the mid–1980s. After he left, respondent moved into the Coon Rapids property and has continuously resided there.

After moving into the East Bethel residence, decedent visited the Coon Rapids house to see her children and help with general maintenance, including shoveling the snow and mowing the lawn. Decedent paid the utility bills and property taxes and collected rent from her children. Because decedent's daughter lived there,

Anoka County classified the Coon Rapids property as "homestead" for property tax purposes pursuant to Minn.Stat. § 273.124, subd. 1(c) (2004).

Following decedent's death, appellant filed a petition for formal adjudication of intestacy, the determination of heirs, and appointment of personal representative. In this petition, appellant classified the Coon Rapids property as "other real estate" as opposed to a homestead. The district court appointed appellant personal representative and he prepared an inventory of decedent's assets, which included $200,000 for the Coon Rapids property, approximately $50,000 in stocks, and approximately $12,000 for personal property, totaling approximately $262,000. Based on this inventory and pursuant to the law of intestate succession, appellant would receive both the first $150,000 of assets and one-half of the remaining estate, a total of approximately $206,000. Minn.Stat. § 524.2–102(2) (2004) (the intestate share of a decedent's surviving spouse is the "first $150,000, plus one-half of any balance of the intestate estate ... if one or more of the decedent's surviving descendents are not descendents of the surviving spouse"). Respondent objected, claiming that pursuant to Minn.Stat. § 273.124, subd. 1(c), the Coon Rapids property should be classified as a homestead and that it should descend pursuant to Minn. Stat. § 524.2–402(a)(2) (2004). Under this statute appellant, as surviving spouse, would receive a life estate in the homestead (the Coon Rapids property) and decedent's children would receive the remaining interest. *See id.*

Appellant disallowed respondent's claim to reclassify the Coon Rapids property as a homestead. Respondent petitioned the district court requesting that it set aside the unsupervised administration of decedent's estate and amend the inventory to

classify the Coon Rapids property as a homestead. The district court granted respondent's petition. This appeal followed.

## ISSUES

I. Did the district court err in adopting the property tax definition of a homestead for purposes of intestate succession?

II. Is the Coon Rapids property decedent's homestead for determining intestate succession?

## ANALYSIS

■■■ The reviewing court need not defer to the district court's application of the law when the facts are not in dispute. *Am. Nat'l Gen. Ins. Co. v. Solum,* 641 N.W.2d 891, 895 (Minn.2002); *State ex rel. Morrow v. LaFleur,* 590 N.W.2d 787, 791 (Minn.1999). Questions of law, including the interpretation of statutes and case law, are reviewed de novo. *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn. 1989); *Bol v. Cole,* 561 N.W.2d 143, 146 (Minn.1997).

### I.

■■■ The first issue is whether the district court erred in relying on the property tax code to determine whether the Coon Rapids property is decedent's homestead for purposes of intestate succession. The statute providing for intestate passage of a homestead states in pertinent part:

(a) if there is a surviving spouse, the homestead, including a manufactured home which is the family residence, descends free from any testamentary or other disposition of it to which the spouse has not consented in writing or as provided by law, as follows:

. . . .

(2) if there are surviving descendants of decedent, then to the spouse for the term of the spouse's natural life and the remainder in equal shares to the decedent's descendants by representation.

Minn.Stat. § 524.2–402 (2004). While the probate code uses the term "homestead," it is not defined in the probate chapters of the statutes. *See* Minn.Stat. §§ 524.1–101–.8–103 (2004), Minn.Stat. §§ 525.011–.95 (2004). Minnesota cases dealing with the descent of homestead property have looked to debtor-creditor law, especially section 510.01, for guidance in defining homestead and related issues. *See In re Estate of Riggle,* 654 N.W.2d 710, 714 (Minn.App.2002); *Cleys v. Cleys,* 363 N.W.2d 65, 70 (Minn.App.1985). In *Riggle,* this court examined whether the decedent had abandoned his homestead and if not, whether a vacant parcel owned by the decedent adjacent to a parcel upon which the decedent and surviving spouse had built their residence was part of the homestead. 654 N.W.2d at 713–14. The court relied heavily on both debtor-creditor statutory and case law in determining that the decedent had not abandoned the homestead and that the vacant parcel was part of the homestead. *Id.* at 714. Similarly, in *Cleys* this court applied the homestead definition from the debtor-creditor statute despite appellants argument that the " 'debtor-creditor view' [ ] is not applicable to this case." 363 N.W.2d at 70.

In the present case, the district court relied on the property tax statute's definition of homestead in Minn.Stat. § 273.124 (2004) and concluded that the Coon Rapids property was a homestead because the county classified the property as a homestead for property tax purposes. According to this statute, property is a homestead for tax purposes if it is "[r]esidential real estate that is occupied and used for the purposes of a homestead by its owner" or "by a relative of the owner." Minn.Stat. § 273.124, subd. 1(a), (c). Since most people have several relatives who could quali-

fy, if the decedent owned multiple residential properties, under the property tax law several residential properties owned by one person could be classified as "homestead" for purposes of real estate taxation. *See id.*

Minnesota's debtor-creditor homestead exemption statute states that property can only be classified as a homestead if the property is "owned and occupied by a debtor as the debtor's dwelling place." Minn.Stat. § 510.01.[1] Classifying several separate properties as homestead for probate purposes is incompatible with the underlying rationale of the statute that "the surviving spouse and children have an emotional attachment to their home and a strong economic interest in either its continued occupancy or its availability as an asset." *Riggle,* 654 N.W.2d at 714.

The purpose of the debtor-creditor statute more closely parallels the objective of the probate code provisions for descent of the homestead; both are designed to provide for and preserve a single homestead for the spouse and children. *Holden v. Farwell, Ozmun, Kirk & Co.,* 223 Minn. 550, 558, 27 N.W.2d 641, 646 (1947); *Tomlinson v. Kandiyohi County Bank,* 162 Minn. 230, 234, 202 N.W. 494, 495 (1925). Additionally, both the law providing for intestate succession and the debtor homestead-exemption statutes involve the protection of the homestead property from claims and debts. *Cf.* Minn.Stat. § 524.2–402(c); Minn.Stat. § 510.01. The real estate tax code may be intended to extend the homestead tax advantage to the relatives occupying the property. The decedent, as the owner, may be the nominal beneficiary.[2] The tax policies use the homestead concept for purposes of tax equity that do not have a parallel function in the area of intestate succession.

We conclude that the district court erred in applying the tax code definition of homestead and that the courts should look to debtor-creditor law for guidance in interpreting the descent-of-homestead statute.

**II.**

The next issue is whether the Coon Rapids property should be considered decedent's homestead under Minn.Stat. § 524.2–402(a)(2). Whether the property is a homestead involves a mixed question of law and fact. *See Riggle,* 654 N.W.2d at 714 (finding the determination of whether homestead had been abandoned and therefore included or excluded from decedent's estate was a mixed question of law and fact). Here the parties stipulated to the facts, and therefore this court may, without deferring to the district court, review the legal issue based on those stipulated facts. *See Hubred,* 442 N.W.2d at 310.

The court in *Cleys* stated that property is the homestead if "the ownership and occupancy affords a significant 'community connection' which gives reason to believe that preservation of that connection will make the debtor and his or her family better able to be self-sustaining." 363

---

1. The debtor homestead exception permits homestead treatment for more than one tax parcel in undeveloped areas where the multiple neighboring parcels are occupied and treated as one larger homestead unit. Minn. Stat. § 510.02 (2004); *Brixius v. Reimringer,* 101 Minn. 347, 348–49, 112 N.W. 273, 273–74 (1907) (holding rule for determining whether homestead includes more than one tax parcel is whether the parcels are occupied and cultivated as one unified parcel of land); *Riggle,* 654 N.W.2d at 716–17 (finding vacant parcel that adjoined parcel containing family dwelling was part of the main homestead). However, the debtor homestead definition would not allow multiple residences in different locations to be included in the homestead exemption.

2. We note that even renters are accorded a quasi homestead benefit for property tax purposes. *See* Minn.Stat. § 290A.04 (2004).

N.W.2d at 70. The *Cleys* court found that resort property, where the decedent resided during the tourist seasons, was decedent's homestead, even though he spent the rest of the year in another state. *Id.* at 70–71. The court based its determination on the following facts: decedent occupied the resort residence for a substantial part of the year, decedent maintained personal effects at the resort throughout the year, decedent was living at the resort until he entered the hospital where he died, and decedent declared in a deed and attempted conveyance that the resort was his homestead. *Id.* at 71.

■ The case before us bears little resemblance to *Cleys*. Here, unlike in *Cleys*, the decedent had not resided in the Coon Rapids home for over twenty years, not even seasonally. Aside from a few furnishings, decedent kept her personal effects at the East Bethel residence where she had lived with appellant since 1978. Decedent's visits to see her children and assist in a few chores reflect her interest in the property as the owner and her interest in her children; the visits do not constitute occupancy for purposes of homestead classification. Therefore, the Coon Rapids property should be classified as non-homestead for probate purposes and pass as "other real estate" for purposes of intestate succession.

## DECISION

The district court erred by applying the property tax definition of homestead in determining intestate succession of decedent's Coon Rapids property. That property is not homestead and should pass as "other real estate" pursuant to the intestacy statutes.

**Reversed.**